FRED E. JAYSON, RESPONDENT, v. THE PENNSYLVANIA RAILROAD COMPANY, APPELLANT.

Submitted November 10, 1924—Decided January 19, 1925.

1. J. filed a petition with the workmen's compensation bureau for compensation. His right to compensation depended upon whether he was engaged at the time of his injury in intrastate commerce. The deputy commissioner, before who the hearing was had, held that J. was engaged in interstate commerce, and dismissed the petition. No opportunity was afforded the employer to put in testimony upon the merits of the claim. J. appealed to the Essex County Court of Common Pleas, which reversed the ruling of the compensation bureau on the question of jurisdiction, and then decided the case upon the record before the compensation bureau on its merits, awarding to J. temporary and permanent compensation. The employer appealed to the Supreme Court, which affirmed the judgment of the Court of Common Pleas. *Held*, that under the circumstances of the case it was error not to have remanded the case to the workmen's compensation bureau for rehearing.

2. Section 19 of the Employers' Liability act, as amended by chapter 229 of the laws of 1921 (*Pamph. L. 1921, p. 731*), construed as not prohibiting a Court of Common Pleas from sending back to the workmen's compensation bureau a case for rehearing upon its merits where the hearing before the compensation bureau had been upon the question of the jurisdiction of the compensation bureau to entertain the petition for compensation.

---

On appeal from the Supreme Court, whose *per curiam* is printed in 2 *N. J. Mis. R.* 619.

For the appellant, *Wall, Haight, Carey & Harlpence.*

For the respondent, *Press & Press* (*Samuel Press,* of counsel).

The opinion of the court was delivered by

KATZENBACH, J.    Fred E. Jayson was employed as a mechanic by the Pennsylvania Railroad Company at its car shops at Kearney, New Jersey. On May 23d, 1923, he was repairing a platform of a car. While thus engaged the head of a spike which he was driving flew off striking him in the left eye. He continued to work at the shops until June 30th, 1923. The sight of his left eye was impaired by the injury. Jayson filed a petition for compensation with the workmen's compensation bureau. An informal hearing was had upon the petition. At the conclusion of the petitioner's testimony a motion was made by the railroad company that the petition be dismissed on the ground that no evidence had been produced to prove that at the time of the accident Jayson was engaged in intrastate commerce. Upon this motion decision was reserved. The respondent, the railroad company, then put upon the stand a witness by the name of Erickson, who was a gang foreman in the Kearney shops. He testified that all kinds of freight cars were repaired at the Kearney shops, including cars from foreign roads, loaded cars, and cars destined for points outside of New Jersey. The respondent then renewed its motion. The deputy commissioner before whom the informal hearing was had then dismissed the petition. In the formal determination made by the deputy commissioner he stated that the petitioner had failed to prove that he was engaged in intrastate commerce at the time of the alleged accident. The determination cited to support its decision is the case of *Carberry* v. *Delaware, Lackawanna and Western Railroad Co.,* 93 *N. J. L.* 414, in which it was held that the burden was upon the petitioner to prove a case within the statute, and to show affirmatively that at the time of the accident he was not engaged in a service not regulated by the Federal Employers' Liability

act of April 22d, 1908. Jayson appealed the determination of the compensation bureau to the Essex County Court of Common Pleas, and that court, upon the authority of the case of *Herzog* v. *Hines, Director General,* 95 *Id.* 98, held that a car repairer injured while working on a car, which is out of use for the purpose of having the repairs made, is not engaged in interstate commerce, and reversed the ruling of the compensation bureau as rendered by the deputy commissioner in this respect. The court then proceeded to determine the compensation to which it thought the petitioner was entitled, instead of sending the case back to the compensation bureau for a hearing upon the merits as the railroad company contended should be done. The court allowed Jayson for temporary compensation $102, and also eighty per cent. disability of the left eye, amounting to the further sum of $960. Judgment for these sums was entered. The railroad company then obtained a writ of *certiorari* taking the case to the Supreme Court for review. The Supreme Court affirmed the judgment of the Essex County Court of Common Pleas.

The railroad company has now appealed the judgment of the Supreme Court to this court.

The appellant contends that the evidence shows that Jayson was engaged at the time of his injury in interstate commerce, but considers this feature of the case of minor importance to what it deems its principal grievance, the failure of both the Court of Common Pleas and the Supreme Court to remand the case to the compensation bureau to be heard upon its merits. The appellant contends that no opportunity was ever afforded to it to be heard upon the merits of the controversy—that is, the nature and extent of the injury, whether temporary or permanent, when and how it occurred, and whether it arose in the course of and out of the employment of the respondent. We think the Court of Common Pleas and the Supreme Court decided the question of the character of the commerce in which the respondent in this court was engaged at the time of his injury properly. We feel, however, that the course of procedure taken by the

162    COURT OF ERRORS AND APPEALS.

Jayson v. Penna. R. R. Co.        *101 N. J. L.*

Court of Common Pleas and affirmed by the Supreme Court in determining in the state of the record before the Court of Common Pleas the compensation, both temporary and permanent, to which Jayson was entitled, was erroneous. Under the circumstances of the case it should, in our opinion, have been sent back to the workmen's compensation bureau to have had the compensation of the respondent determined, with leave to the parties to take testimony with reference thereto. The position of the compensation bureau was clearly that of desiring to determine, first, whether the petitioner, Jayson, was entitled to compensation. If engaged at the time of the injury in intrastate commerce, he was entitled to compensation. If engaged in interstate commerce he was not entitled to have his compensation determined by the compensation bureau. If the compensation bureau determined, as it did, that Jayson was engaged in interstate commerce at the time of the injury, then it was a work of supererogation for the compensation bureau to take testimony upon the nature and extent of Jayson's injury. The proceeding, as conducted by the deputy commissioner of the compensation bureau, was one to determine whether or not it had jurisdiction. This is shown by what occurred at the hearing. The deputy commissioner said after the motion to dismiss was made: "On that motion I will reserve decision on that point subject to proof. If there is not enough testimony here to conclude whether or not it is intrastate commerce, then Mr. Knight is absolutely right. After that point is decided we will go on with the additional testimony." The deputy commissioner then decided that Jayson was engaged in interstate commerce. This was equivalent to sustaining a plea that the court in which an action is instituted has no jurisdiction to entertain it. When such a decision is rendered and the party aggrieved takes an appeal, which is successful in reversing the decision of the lower court, the appellate court remands the case to the lower tribunal to be heard. If a judgment of nonsuit is directed by a trial court to be entered, and this judgment is reversed on appeal, the appellate court remands the case to the lower court for

retrial. In the present case there was no opportunity afforded the railroad company before the compensation bureau to submit testimony upon the merits of the controversy. The Court of Common Pleas, after reversing the compensation bureau upon the question of jurisdiction, did not afford the railroad company an opportunity to submit testimony upon the merits of the controversy. It is true that in section 19 of the Employers' Liability act, as amended by chapter 229 of the laws of 1921 (*Pamph. L., p.* 731), it is provided "that the trial of such appeal [the appeal to the Court of Common Pleas] shall be based exclusively on the transcript of the record and testimony, and, at the time fixed for the hearing, argument may be presented by each side, to the said judge, who shall in a summary manner decide the merits of the controversy, and the judgment of the Court of Common Pleas * * * shall be conclusive and binding." This section contains a proviso that nothing contained in the act shall be construed as limiting the jurisdiction of the Supreme Court to review questions of law and fact by *certiorari.* While the provisions of this section of the statute gives a Court of Common Pleas the power to decide the merits of the controversy upon the transcript of the record and testimony, yet the act does not in terms prohibit the Court of Common Pleas from sending back the case to the compensation bureau for hearing. We think the proper construction to be placed upon this section of the act is that it gives the Court of Common Pleas authority to determine the merits of the controversy in those cases where the compensation bureau has heard testimony upon the merits and decided the case upon the merits. It would be a denial of justice, at least, if not of due process of law, to permit under the circumstances of the present case the foreclosure of the appellant from submitting testimony upon the merits of the controversy. The appellant has not been lacking in diligence at any stage of the litigation. The compensation bureau decided the case, as has been stated, upon the question of jurisdiction. It afforded the appellant no opportunity to submit evidence on the merits. The appellant urged before the Court of Common Pleas and the

Supreme Court its claim to have the case sent back for a hearing upon the merits, if the question of jurisdiction should be decided adversely to its contention. The Supreme Court clearly had in its inherent power the right to remand the case to the compensation bureau for a hearing upon the merits. We are of the opinion that its failure to do so was error.

The judgment of the Supreme Court is accordingly reversed. The case will be remitted to the workmen's compensation bureau to be heard upon its merits.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Minturn, Katzenbach, Lloyd, White, Gardner, Van Buskirk, Clark, McGlennon, Kays, JJ. 13.