EMANUEL DREYFUS, PETITIONER—DEFENDANT IN CER-
TIORARI, v. LUTZ COMPANY, INCORPORATED, PROSE-
CUTOR.

Decided June 21, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Kellogg & Chance.*

For the defendant, *Littauer & Herzfeld* (*Carol Weitz,* of
counsel).

PER CURIAM.

On an appeal to the Court of Common Pleas from the work-
men's compensation bureau, which had dismissed the peti-
tioner's petition for compensation filed by him with the
bureau, on the ground that the accident complained of and
met with by him while in the employ of the defendant prose-
cutor, did not arise out of the employment, the Common Pleas
Court found that the injury complained of by the petitioner
was caused by an accident arising out of and in the course of
his employment, and thereupon made an award for compen-
sation.

It is this judicial action of the Court of Common. Pleas
which is brought before us for review by writ of *certiorari.*

Four reasons are presented in the printed case why the
judgment of the Court of Common Pleas should be reversed.

In the brief of counsel of prosecutor all the reasons are
abandoned, with the exception of the first reason, which is as

follows: "Because the said order [or determination] does not state in detail the scope of the employment of the petitioner, Emanuel Dreyfus, and does not state in detail the nature of the accident, but merely states the judge's conclusion that the injury was by an accident arising out of and in the course of the employment of said Emanuel Dreyfus, so that said judgment is not supported by specific findings of fact which may be submitted to and considered by a court of review."

Counsel of prosecutor in their brief say: "The principal question involved is as to whether the 'determination' or order of the Common Pleas judge, giving judgment in accordance with the law laid down by the Court of Errors and Appeals as to what specific findings of fact are required."

Other questions are raised by the recent trial, but plaintiff in *certiorari* rests upon one point.

There is no merit in the contention of counsel for prosecutor that the "determination" of the judge of the Court of Common Pleas must be supported by the specific findings of such facts as may be submitted to and considered by the court of review as sustaining such determination.

Prosecutor relies upon *Dunnewald* v. *Steers, Inc.*, 89 *N. J. L.* 601, decided at the June term, 1916, of the Court of Errors and Appeals, which court held that to warrant a recovery under section 2 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134, as amended by *Pamph. L.* 1913, *p.* 302) from an employer for the death of an employe, it must appear, among other things, that the employe's death was caused by (a) an accident, (b) arising out of (c) and in the course of his employment, and all the essential facts must be found by the trial judge, and must be contained in his written determination.

In the first place, it must be borne in mind that at the time of the decision referred to, the Court of Common Pleas had original jurisdiction of this class of cases.

Section 20 of the statute of 1913, page 308, which law was in force at the time *Dunnewald* v. *Steers, Inc., supra,* was decided, provided: "At the time fixed for hearing, or any adjournment thereof, said judge shall hear such witnesses,"

&c., "and in a summary manner decide the merits of the controversy. This determination shall be filed in writing with the clerk of the Common Pleas Court, and judgment shall be entered thereon in the same manner as in the causes tried in the Court of Common Pleas, and shall contain a statement of fact as determined by said judge."

The Court of Common Pleas no longer has original jurisdiction of workmen's compensation cases. In that respect it has been supplanted by the workmen's compensation bureau. *Pamph. L.* 1918, *ch.* 149, *p.* 429, as amended by *Pamph. L.* 1921, *ch.* 229.

Section 19 of the amended act (at *p.* 735), relating to appeal from the workmen's compensation bureau to the Court of Common Pleas, provides: "The trial of such appeal shall be based exclusively upon the transcript of the record and testimony, and at the time fixed for hearing argument may be presented by each side, to the said judge, who shall in a summary manner decide the merits of the controversy, and the judgment of the Court of Common Pleas on any such appeal shall be conclusive and binding."

The instant case in its circumstances, in regard to the legal situation, is similar to what appeared in *Charlock* v. *M. W. Kellogg Co.,* 4 *N. J. Mis. R.* 260, and where the point relied on by the prosecutor is like unto the one under consideration here, and, therefore that case is controlling upon this court.

In the last cited case, like here, the finding of the Court of Common Pleas was "that the petitioner's injury arose out of and in the course of his employment."

It was there held that if there is any evidence in support of the finding of the Common Pleas judge, this finding is conclusive on the Supreme Court.

We find testimony in the case which tends to support the finding of the Common Pleas Court, and, therefore, its judgment is affirmed, with costs.