OSCAR ANDERSON, Jr., PROSECUTOR, v. FEDERAL SHIP-BUILDING AND DRY DOCK COMPANY, RESPONDENT.

Submitted October 6, 1936—Decided April 12, 1937.

Before Justices PARKER and LLOYD.

For the prosecutor, *Elmer E. Brown.*

For the respondent, *Lindabury, Depue & Faulks* (*William L. Dill, Jr.,* of counsel).

The opinion of the court was delivered by

PARKER, J. This is a workmen's compensation case. There was an award in the workmen's compensation bureau, which was reversed on appeal to the Court of Common Pleas. That court found, as did the bureau, that petitioner had sustained an accident arising out of and in the course of his employment, but the Pleas held that the osteomyelitis which created the disability was not and could not have been the result of the accident. The question before us is, then, purely one of fact.

The case is submitted on briefs without oral argument; and in defense of the judgment in the Pleas two propositions are advanced by counsel for the employer. The first is one of law, viz.: "This court will not review a factual determination of the Court of Common Pleas in a compensation case,

if there is any competent evidence to support the determination and the judgment entered thereon." This court does that very thing several times every term. The original Compensation act (*Pamph. L.* 1911, at *p.* 143), spoke of "the jurisdiction of the Supreme Court to review questions of law by *certiorari.*" But this was evidently found to be too narrow, and at least as early as 1921 the language was changed to read "to review questions of law and fact by *certiorari.*" *Pamph. L.* 1921, at *p.* 734. This brought the procedure in line with section 11 of the *Certiorari* act (*Comp. Stat., p.* 406), and in view of such cases as *Pearson* v. *Armstrong Cork Co.,* 6 *N. J. Mis. R.* 976; *Mountain Ice Co.* v. *Durkin, Ibid.* 1111; *affirmed,* 105 *N. J. L.* 636; *Voight* v. *McEwan Bros.,* 13 *N. J. Mis. R.* 587; *affirmed,* 116 *N. J. L.* 218, and *Lazzio* v. *Primo Silk Co.,* 114 *Id.* 450, 453; *affirmed,* 115 *Id.* 506, the rule may be considered as now settled that in compensation cases the Supreme Court can and will consider weight of evidence even when the two lower tribunals are in accord on findings of fact, though their conclusions, to use the phrase repeated in our reports, "will not be lightly disturbed" where there is evidence to support them. Naturally this court will more freely intervene in a fact case where the Pleas and the bureau are in disagreement on factual questions.

This brings us to the second point made by prosecutor, that "the petitioner did not prove by a preponderance of the evidence that his alleged bump of December 16th, 1932, resulted in or was the natural producing cause of his osteomyelitis, there being in fact no competent evidence of a causal connection between the accident and the injury."

A careful examination of the evidence satisfies us, as it satisfied the deputy commissioner, that not only was there competent evidence of a causal connection between the accident and the injury; but that the evidence preponderated in favor of that theory. Petitioner struck his head against a metal bracket, or some such appliance, projecting downward from the deck above him. The blow was severe, and on the right temple. He began to suffer from headaches within a week or so, and the headaches continued. His own physician, who had treated him for years, testified that the injury was in

his opinion due to the blow; and that osteomyelitis is generally of traumatic origin; that there was no indication of it before the accident; that it may develop months afterward. Dr. Randolph, who operated several times at the hospital about eleven months after the accident, also gave it as his opinion that the trouble arose from a blow. It is stated in respondent's brief that there is no testimony of any pain in the head from December, 1932 (the month of the accident) and November, 1933; but petitioner's testimony is that the headaches began about a week after the accident, were on the right side, recurred very week, and that he was treated for them at the infirmary. There seems to be nothing else in the evidence to account for them. As we read the testimony of the medical experts called for the employer, it is purely negative on the point of causation, and therefore fails to point to any other cause indicated as a result of their examinations of the petitioner.

It seems unnecessary to go into a further recital of the evidence. We think the legitimate and proper inference therefrom was that the osteomyelitis was caused by the accident. The judgment in the Pleas is therefore set aside and reversed, and that of the bureau affirmed, with costs.