ERMINA CALICCHIO, PETITIONER-RESPONDENT, v. JERSEY CITY STOCK YARDS CO., RESPONDENT-PROSECUTOR.

Submitted May 7, 1940—Decided July 10, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the prosecutor, *John L. Ridley.*

For the respondent, *Milton, McNulty & Augelli* (*Joseph Keane,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is a workmen's compensation case. The issues for us to determine are whether an accident suffered by decedent, Emilio Calicchio, husband of respondent, on February 22d, 1937, arose out of and in the course of his employment and whether that accident caused his death.

We learn from the record that decedent worked for some fourteen years in the Jersey City Stockyards where he acted as janitor, performed general laboring work, and tended and

fed live stock. On September 11th, 1935, decedent was gored by a wild bull and received compensation for injuries so sustained for a period of two weeks and two days. Thereafter, on February 22d, 1937, while at work opening a gate, decedent ran a rusty nail into his hand for which he first received treatment in the form of tetanus antitoxin injections. There was evidence before the bureau to the effect that decedent's hand was bandaged for about a month, and that within fifteen or twenty days after the bandages were removed watery sores, known as blebs, appeared on his back. These sores later spread to his chest and arms and even to the inside of his mouth. As time progressed his condition grew steadily worse. On November 29th, 1937, he was removed to the Jersey City Medical Center where on January 17th, 1938, he died, admittedly as a result of a rare skin disease known as "pemphigus."

Decedent's widow filed a petition for compensation alleging that she, her twenty-four-year-old son and her twenty-five-year-old daughter were dependents and that the accident happened on or about "September 11th, 1935, and November 25th, 1937," when decedent was gored by a wild bull. Subsequently an amended petition was filed alleging that the accident occurred on "September 11th, 1935, and November 25th, 1937, and on or about February 22d, 1937." In describing the nature of the accident and how it happened the amended petition for compensation averred that "the decedent was stampeded and gored by a bull, and was later injured, while at work, when a rusty nail punctured his left hand."

At the hearing before the bureau counsel stipulated the amount of decedent's wages and agreed that the widow alone should be considered as a dependent. After hearing the evidence, the referee in the bureau entered a determination of facts and rule for judgment wherein it was stated "that the wound sustained by decedent on February 22d, 1937, *could be* the proximate cause of the resulting pemphigus." (Italics supplied.) Compensation was awarded for 300 weeks at $10 a week.

An appeal was taken to the Hudson County Court of Common Pleas where on February 8th, 1940, a judgment was

entered affirming the judgment of the bureau. The judgment was based not upon the premise that the wound sustained by decedent on February 22d, 1937, *could be* the proximate cause of the resulting pemphigus but rather was it based upon the premise that the proofs afford a sufficient basis for the rational inference that the wound sustained on February 22d, 1937, caused the death.

Prosecutor then obtained a rule to show cause why *certiorari* should not issue to review the judgment of the Pleas and counsel stipulated that if the writ be granted, the cause be disposed of as though it were before us on the return thereto rather than on application therefor. Since we are satisfied of the existence of a fairly debatable question as to whether the accident on February 22d, 1937, caused the disease which produced death, we treat the cause accordingly.

The applicable law is settled. To prove a compensable accident the petitioner's burden is to show that the employment was one of the contributing causes without which the accident could not have happened and that the accident was one of the contributing causes without which the injury or death would not have resulted. *Ciocca* v. *National Sugar Refining Company of New Jersey,* 124 *N. J. L.* 329; 12 *Atl. Rep.* (2d) 130. It is not enough to prove that the injury or death "could have been" the result of an accident. *Azarowicz* v. *Metropolitan Beef Co.,* 118 *N. J. L.* 89, 90; 191 *Atl. Rep.* 483. To sustain a recovery the proofs must support the basis for the rational inference that the accident caused the injuries or death. *Cf. Nardone* v. *Public Service, &c., Co.,* 113 *N. J. L.* 540; 174 *Atl. Rep.* 745.

In light of the erroneous reason upon which the bureau based its result the question presents itself whether the Court of Common Pleas should have remitted the cause to the bureau so that the bureau might make the specific finding and determination it was required to make under the issues, proofs and law applicable thereto. It unquestionably had the power to do so. *Jayson* v. *Pennsylvania Railroad Co.,* 101 *N. J. L.* 159, 163; 127 *Atl. Rep.* 169; *Ruoff* v. *Blasi,* 117 *N. J. L.* 47, 51; 186 *Atl. Rep.* 581; *Rubeo* v. *Arthur McMullen Co.,* 117 *N. J. L.* 574, 580; 189 *Atl. Rep.* 662.

Our duty, "either by reason of the general language of the *Certiorari* act * * * or the language of the Compensation act, or both * * * [independently] * * * to review questions of fact and law" (*Rubeo* v. *Arthur McMullen Co., supra* (at *p.* 577) and cases there cited), in nowise lessens or negatives the duty of the lower tribunals to make specific findings and determinations of the facts and law under the issues, proofs and applicable law in each workmen's compensation case. The Court of Common Pleas having failed to exercise its powers to remand the cause to the bureau, shall we exercise our recognized power to do so? *Patton* v. *American Oil Co.*, 13 *N. J. Mis. R.* 825; 181 *Atl. Rep.* 651; *affirmed*, 116 *N. J. L.* 382; 185 *Atl. Rep.* 35. The answer to that question depends upon the particular circumstances of each case and, upon that premise, our answer, in the instant case, is in the negative.

It is well to bear in mind, as was pointed out by Mr. Justice Parker for this court in *Sweigard* v. *Richards*, 118 *N. J. L.* 394, 395, and cases there cited; 193 *Atl. Rep.* 188, that an appeal under the Workmen's Compensation act, is decided by the judge of the Common Pleas Court "exclusively on the transcript of the record and testimony." The appeal is a proceeding *de novo*, "providing a new mind for the consideration of the testimony adduced." It is also well to bear in mind that what the writ brings up for review in the case at bar is, as we have already seen, the "judicial action of the Common Pleas." See second paragraph in *Dreyfus* v. *Lutz Co.*, 6 *N. J. Mis. R.* 608; 142 *Atl. Rep.* 433; *affirmed*, 106 *N. J. L.* 566; 146 *Atl. Rep.* 913. While the record of the bureau, pursuant to the writ, is properly made a part of the return, its function is to aid in the determination of the challenged propriety of the "judicial action" here under review.

If this were the type of a case in which the Court of Common Pleas affirmed the finding of the bureau, and nothing more, it might well come within the ban of the cases which hold that under such circumstances the affirmance by the Court of Common Pleas does not cure the failure of the bureau to make the specific finding and determination that

it is required to make. *Cf. Patton* v. *American Oil Co.*, 13 *N. J. Mis. R.* 825 (at *p.* 826), and cases there cited; 181 *Atl. Rep.* 651. But this is not such a case. Here, the judge of the Pleas filed a decision pointing out, in effect, the erroneous reason upon which the bureau bottomed its result, stated the correct applicable principle of law, applied that principle to the proofs and issues, and concluded that the proofs supplied the proper basis for the rational inference that the accident which decedent sustained on February 22d, 1937, was the proximate cause of the resultant pemphigus and death of decedent. In other words, the judge followed an established principle in deciding issues, viz., to decide not whether the lower tribunal was right in its reasoning but whether the lower tribunal reached a right result. *Cf. McCarty* v. *West Hoboken*, 93 *N. J. L.* 247; 107 *Atl. Rep.* 265; *New Jersey, &c., Water Co.* v. *Board of Public Utility Commissioners*, 123 *N. J. L.* 303, 313; 8 *Atl. Rep.* (*2d*) 350. ·And, moreover, we see nothing to be gained in this case by a remand and much to be lost. A remand will of necessity further protract the litigation of this case which has already taken several years; it will impose additional costs, and may—as delay frequently does—defeat the right to and benefits of the expeditious administration of justice.

We turn to the merits. Does the evidence adduced sustain the claim made? Our independent examination of the facts satisfies us that it does. No less than four physicians positively stated that there was a direct causal connection between the accident on February 22d, 1937, the onset of pemphigus, and decedent's death. We find as a fact that the accident on February 22d, 1937, caused the disease which resulted in decedent's death. We are satisfied that respondent has proved facts from which the proper deducible inferences form a rational basis that decedent's death was the result of an accident arising out of and in the course of his employment. *Cf. Auten* v. *Johnston*, 115 *N. J. L.* 71; 178 *Atl. Rep.* 187; *Jackson* v. *Delaware, Lackawanna and Western Railroad Co.*, 111 *N. J. L.* 487; 170 *Atl. Rep.* 22; *Hercules Powder Co.* v. *Nieratko*, 113 *N. J. L.* 195; 173 *Atl. Rep.* 606; *affirmed*, 114 *N. J. L.* 254; 176 *Atl. Rep.* 198; *Belyus* v. *Wilkinson*,

*Gaddis & Co.,* 115 *N. J. L.* 43; 178 *Atl. Rep.* 181; *affirmed,* 116 *N. J. L.* 92; 182 *Atl. Rep.* 873.

Nor do we think, as it is urged by prosecutor, that the judgment below should be voided because the referee set down the result of his personal research into medical authorities to gather information concerning the disease known as pemphigus. *Beerman* v. *Public Service Co-ordinated Transport,* 123 *N. J. L.* 479; 9 *Atl. Rep.* (2d) 690. That contention is without merit because there is nothing in this case to indicate that the result reached by the referee was based upon the research to which he made reference. At all events our result is based upon our independent determination of the facts and law. *Cf. Lazzio* v. *Primo Silk Co.,* 114 *N. J. L.* 450; 177 *Atl. Rep.* 251; *affirmed,* 115 *N. J. L.* 506; 180 *Atl. Rep.* 881; *Anderson* v. *Federal Shipbuilding and Dry Dock Co.,* 118 *N. J. L.* 55; 191 *Atl. Rep.* 455; *Rubeo* v. *Arthur McMullen Co., supra; Beerman* v. *Public Service Co-ordinated Transport, supra; Stetser* v. *American Stores Co.,* 124 *N. J. L.* 228; 11 *Atl. Rep.* (2d) 51. In our determination we have, of course, not considered any phase of the personal research made by the referee. For as pointed out in *Beerman* v. *Public Service Co-ordinated Transport, supra* (at *p.* 483), "no one should be bound by the mute testimony of another's written statement or opinion, however authoritative, without the opportunity of cross-examination."

We have considered all other points and find them to be without merit.

In fine, leave is granted to counsel to frame a proper record. An order may be entered approving the stipulation of counsel for the respective parties that the cause be determined as if it were before us on the return of the writ. Upon the presentation of a writ it will be allowed and thereafter it will be dismissed, with costs.

PARKER, J. (Dissenting.) To sustain an award in this case it was necessary for the petitioner to show by competent proof two things; first, that the deceased sustained an accident arising out of and in the course of his employment, and, secondly, that that accident was the proximate cause of death.

There is no question about the accident and none was raised at the hearing. It was denied that the accident was the cause of death; and the question to be decided by the referee was whether the running of a rusty nail into the hand of the deceased brought on a rare disease known as pemphigus which, without question, was the direct cause of death. Three physicians testified that, in their opinion, the wound had caused the pemphigus; a fourth testified that it was entirely probable that it had so caused it. For the respondent, one physician testified positively that the wound had nothing to do with it; and another that there was nothing in the history of the case that would so indicate. The burden of proving that the injury caused the death is on the petitioner. The cases are uniform on this point and it is sufficient to cite *Ridgeway* v. *Real Estate Operating Co.*, 15 *N. J. Mis. R.* 477; *affirmed*, 121 *N. J. L.* 585.

On the testimony adduced there was evidence to support a finding by the referee that the wound sustained by the decedent was the proximate cause of the resultant pemphigus which, of course, was the cause of death. But the referee did not so find. What he did find was that the wound sustained by the decedent on February 22d, 1937, could be the proximate cause of the resultant pemphigus; and on this he undertook to award compensation. On appeal to the Common Pleas that court embodied in its finding the conclusions of the referee substantially in full and said: "The learned referee found that the wound sustained by decedent on February 22d, 1937, could be the proximate cause of the resultant pemphigus," and went on to say that he had come to the conclusion that the judgment of the referee should be affirmed. Whether the determination in the Pleas amounts to a finding that the wound was the cause of the pemphigus is more than doubtful, but it is not open to the Common Pleas to make its own finding in a case where the bureau has made none.

In *Wolfe & Co.* v. *Piplin*, 14 *N. J. Mis. R.* 146, 148, the court said that "the burden of proof is of course upon the petitioner to show that his injury was caused by the accident. * * * The petitioner must do more than show that the

injury 'could have been' the result of the accident." This was in turn quoted in *Ridgeway* v. *Real Estate Operating Co., supra,* 15 *N. J. Mis. R.* (at *p.* 480).

As I view the matter it follows, therefore, that neither the finding in the bureau nor the affirmance in the Pleas satisfies the legal requirement that the accident must have been the actual and not merely the possible cause of the disease and death.

I think the judgment should be reversed.