ELIZA GEIZEL, RESPONDENT, v. THE REGINA COMPANY, PROSECUTOR.

Argued February 15, 1921—Decided July 7, 1921.

1. In a proceeding under section 2 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 136) to recover compensation for the death of an employe, the burden of proving that death was caused by accident arising out of and in the course of his employment is upon the petitioner.

2. The findings of fact by the trial judge in a proceeding under section 2 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 136) will not be disturbed if they are supported by evidence.

3. In a proceeding under section 2 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 136) death may be found as having been caused by an accident, although there was a diseased bodily condition prior to the injury without which death would not have ensued, and where it may be inferred the undeveloped and dangerous physical conditions are set in motion producing such result.

4. Where a workman receives a personal injury from an accident arising out of and in the course of his employment, and a disease ensues which, but for the accident, would not have ensued, and which disease causes his death, this justifies a finding that death was in fact the result of the injury and was by accident within the meaning of section 2 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 136), even though it is not the natural result of the injury.

On *certiorari,* &c.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the prosecutor, *Randolph Perkins.*

For the respondent, *Kalisch & Kalisch (Isador Kalisch* on the brief).

The opinion of the court was delivered by

TRENCHARD, J.   Jacob Geizel was employed by the Regina Company at its factory in Rahway.   Whilst there at work he was hurt and thereafter died.   His widow was awarded compensation by the Court of Common Pleas under section 2 of our Workmen's Compensation act (*Pamph. L.* 1911, *p.* 136), and his employer sued out this writ of *certiorari.*

We are of the opinion that the judgment should not be disturbed.

The trial judge found that the decedent died "as the result of an accident, arising out of and in the course of his employment."

Under the statute the burden of proving that death was caused by accident arising out of and in the course of his em-

ployment was upon the petitioner; and upon a consideration of the evidence the trial judge found that the petitioner had sustained that burden.

Of course, the findings of fact by the trial judge will not be disturbed if they are supported by evidence.

It clearly appeared and is undisputed that the *accident* arose out of and in the course of the employment. But the contention of the employer is that "Geizel did not die as a result of the accident."

The evidence showed that the decedent was seventy-two years old. He was employed as a porter by the Regina Company. He was injured February 6th, 1920, whilst so employed. He was caught between the door and casing of the elevator and pinned there, with one leg within the elevator and the other on the outside, and remained in that position from five to eight minutes. It was necessary to pry the door away to release him. It was impossible to get an ambulance because of a heavy snow fall. He was taken home within an hour in a sleigh. The evidence, while in conflict, also tended to show that he was perspiring, nervous, dazed and "trembling all over." He was helped to a chair in the house, and with additional help was put to bed. It tended to show that he was black and blue over the seat of the liver and was suffering from shock. He remained in his room, either in a Morris chair or in bed, growing steadily weaker, until his death seventeen days after the accident.

The medical testimony as to the cause of death was in conflict.

The company insists that the cause of death was diabetes, or influenza, or both, and there is some medical testimony to the effect that he was suffering from both at the time of the accident. But the physician called by the petitioner testified, in effect, that the accident was a factor in producing death. Moreover, the medical testimony, considered as a whole, clearly tended to show that the injury and consequent shock and exposure so impoverished the decedent's strength and vitality as to predispose him to the ravages of disease. If we

assume that before or at the time of the accident the decedent was suffering from bodily disease, that does not necessarily defeat compensation. Death may be found as having been caused by an accident, although there was a diseased bodily condition prior to the injury, without which death would not have ensued, where, as may be inferred here, the undeveloped and dangerous physical conditions are set in motion producing such result. *Winter* v. *Atkinson-Frizelle Co.,* 88 *N. J. L.* 401; *Voorhees* v. *Schoonmaker Co.,* 86 *Id.* 500.

But there was other testimony, including that of his family physician, to the effect that up to the time of the accident the decedent was quite well, and it is significant that he had never lost any time from illness, and for many years had not required the services of a physician. It was, therefore, entirely open to the trial judge to find that the diseases which the physicians discovered developed after the accident or were at most latent theretofore.

Now, the rule is that where, as here, a workman receives a personal injury from an accident arising out of and in the course of his employment, and a disease ensues which, but for the accident, would not have ensued, and which disease causes his death, this justifies a finding that death was in fact the result of the injury and was by accident within the meaning of the Workmen's Compensation act, even though it is not the natural result of the injury. *Lundy* v. *Brown & Co.,* 93 *N. J. L.* 469; 108 *Atl. Rep.* 252.

Tested by these rules the finding of the trial judge that death resulted from an accident arising out of and in the course of the employment was clearly justified.

The judgment below will be affirmed, with costs.