NANCY RUBEO, PETITIONER-APPELLANT, v. ARTHUR McMULLEN COMPANY, DEFENDANT-RESPONDENT.

Submitted October 30, 1936—Decided January 22, 1937.

For the appellant, *Matthew M. Slepin* (*Sallie H. Donaro-vich,* of counsel).

For the respondent, *Gray & Bird* (*A. Lionel Reid,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. Did the relationship of employer and employe exist at the time the latter journeyed from work to his home and during which journey he sustained injuries resulting in his death, or, in more terse language, did the accident resulting in the death of the employe arise out of and in the course of his employment?

This is a workmen's compensation case. It is undisputable that the deceased employe was a good concrete mixer and had worked for the respondent, at varying intervals, for many years. In May of 1934 respondent had a contract at St. George, Staten Island, which required the services of efficient concrete mixers. Thus because of its knowledge of decedent's ability it concluded to employ him and sent its superintendent to do so. Deceased lived in Newark at the time and was employed at the Newark air port and he told the superintendent that he was not anxious to make a change and would not consider making one unless he could get permission from his then employer to do so. The superintendent obtained permission to employ deceased. The base salary of $40 a week which the deceased was earning at that time in Newark was agreed upon. A discussion then followed as to the transportation of the employe to and from work. There is testimony from which it appears that the deceased insisted upon being provided with transportation; that the superintendent during the negotiations for the employment so advised respondent over the telephone and as a result thereof agreed to transport deceased to and from work. The testimony of the widow was positive that superintendent Holt, with consent of the respondent, agreed to a base salary of $40 a week and that Holt, for respondent, was to transport deceased to and from work. As to the transportation, there is testimony to the contrary. At all events it is conceded that Holt resided in Rahway, New Jersey; that he daily drove a truck belonging to respondent, with its consent, to and from work. That for about thirteen or fourteen days prior to and on June 7th, 1934, the superintendent would pick up deceased and other employes at an agreed point and would take them to

work at Staten Island and also did transport them back from work as near their homes as he could, usually at Elizabeth, New Jersey. It is conceded that on June 7th, 1934, while deceased journeyed as aforesaid from work and while passing through Jersey City fell from the truck and from the injuries received by the fall died the following day. It has been the contention of the respondent throughout this case that the transportation of the deceased was the result of a mere courtesy extended him and some of the other employes and nothing more.

In the bureau the deputy commissioner, on a refinding of the facts, determination and order, in pursuance of an order of the Hudson County Court of Common Pleas to that effect, determined that the "transportation which the deceased received was not only a custom and practice which was beneficial to both employer and employe, but actually was included in and was part of the contract of hiring." Thus compensation was allowed to the widow and the two children. Appeal was taken to the Hudson County Court of Common Pleas. In that court it was determined that the proofs failed to justify the inference that the transportation facilitated the prosecution of the work or was beneficial to either the employer or the employe and that the proofs also failed to establish that the transportation of the employe was based on either an expressed or implied contract, or that the employe was entitled thereto by virtue of express order of respondent or its agent. Thus compensation was disallowed and the petition was dismissed.

The Supreme Court allowed a writ of *certiorari*. That court in sustaining the Common Pleas said: "The Common Pleas judge, examining the evidence, held that there was no express contract to provide transportation, although there was some evidence for petitioner supporting that claim. It seems to be fairly clear that not only Rubeo but other men were allowed to ride the whole or part of the way home on the truck as a matter of convenience, but he refused to find that *this had ripened into a custom to such an extent as to become part of the contract of employment.* This was the

determinative question of fact, and it was decided in favor of petitioner by the commissioner, and adversely on appeal by the Pleas. We have carefully examined the evidence, and conclude that it sufficiently sustains the finding of the Common Pleas judge." (Italics supplied.)

*First:* The function of the Supreme Court, on *certiorari*, in these cases, "either by reason of the general language of the *Certiorari* act (section 11) or the language of the Compensation act, or both, is to review questions of fact as well as law." *Gianfrancisco* v. *Public Service and Transport*, 11 *N. J. Mis. R.* 219, 221; 165 *Atl. Rep.* 419. *Cf. Patton* v. *American Oil Co.*, 13 *N. J. Mis. R.* 825; 181 *Atl. Rep.* 651; *affirmed*, 116 *N. J. L.* 382; 185 *Atl. Rep.* 35. And while it may affirm a judgment of the Pleas where the facts and the legitimate inferences to be drawn therefrom tend to support the judgment of that court (*Geizel* v. *Regina Co.*, 96 *N. J. L.* 31, 33; 114 *Atl. Rep.* 328; *affirmed*, 97 *N. J. L.* 331; 116 *Atl. Rep.* 924; *Kauffeld* v. *G. F. Pfund & Son*, 97 *N. J. L.* 335; 116 *Atl. Rep.* 487) yet, in the Supreme Court that principle of law has been held not to operate as a bar to the right of that court to reach a factual result contrary to the one reached either in the bureau or in the Court of Common Pleas. *Lazzio* v. *Primo Silk Co.*, 114 *N. J. L.* 450, 453; 177 *Atl. Rep.* 25; *affirmed*, 115 *N. J. L.* 508; 180 *Atl. Rep.* 881.

Assuming that it can be said that the Supreme Court adopted the facts as found by the Court of Common Pleas, nevertheless, it based its affirmance of the judgment of the latter court on the grounds that the proofs failed to establish (1) either "an express contract to provide transportation," or (2) that the transportation "had [not] ripened into a custom to such an extent as to become part of the contract of employment." In so doing it appears to us that the court, in effect, held that for injuries or death suffered by an employe during the transportation period to be compensable, *i. e.*, arising out of and in the course of the employment, it must appear that the transportation was in pursuance of either an express contract between the employer and the employe, or that the right to transportation must have ripened

into a custom to such an extent as to become part of the contract. This is not necessarily so. The liability of the employer in the premises is not so limited or circumscribed. It is based on principles of law which are broader in base and effect than the stated limitations or circumscriptions would tend to indicate. The injuries or death suffered by the employe during the transportation period may not necessarily occur under the circumstances embraced within the principles of law pronounced by the court below and yet may well be, for example, the result of a practice between the parties which is beneficial both to the employer and employe. And it is the well settled law that an accident occurring in the latter circumstance is one arising out of and in the course of the employment and hence is compensable.

In the case of *Voehl* v. *Indemnity Insurance Co.,* 288 *U. S.* 162, 170; 77 *L. Ed.* 678 (injury sustained by employe in an automobile accident while on the way to employer's place of business) the court, by Chief Justice Hughes, in construing the Longshoremen's and Harbor Workers' Compensation act, held:

"* * * The general rule is that injuries sustained by employes when going to or returning from their regular place of work are not deemed to arise out of and in the course of their employment. Ordinarily the hazards they encounter in such journeys are not incident to the employer's business. But this general rule is subject to exceptions which depend upon the nature and circumstances of the particular employment. 'No exact formula can be laid down which will automatically solve every case.' *Cudahy Packing Co.* v. *Parramore,* 263 *U. S.* 418, 424; 68 *L. Ed.* 366, 369; 44 *S. Ct.* 153; 30 *A. L. R.* 532. See, also, *Bountiful Brick Co.* v. *Giles,* 276 *U. S.* 154, 158; 72 *L. Ed.* 507, 509; 48 *S. Ct.* 221; 66 *A. L. R.* 1402. While service on regular hours at a stated place generally begins at that place, there is always room for agreement by which the service may be taken to begin earlier or elsewhere. * * * An agreement to that effect may be either express or be shown by the course of business. In such case the hazards of the journey may prop-

erly be regarded as hazards of the service and hence within the purview of the Compensation act."

We also follow the general rule as stated in the Voehl case (*Fisher* v. *Tidewater Building Co.*, 96 *N. J. L.* 103; 114 *Atl. Rep.* 150; *affirmed*, 97 *N. J. L.* 324; 116 *Atl. Rep.* 924; *Alberta Contracting Corp.* v. *Santomassimo*, 107 *N. J. L.* 9; 150 *Atl. Rep.* 830), and that rule is not without exception with us. Thus in the case of *Laverty* v. *Ludington Management, Inc.*, 110 *N. J. L.* 410, 413, 414; 166 *Atl. Rep.* 137, we adopted, with approval, one of the exceptions to the general rule so admirably expressed in the Supreme Court by Mr. Justice Trenchard in the case of *Alberta Contracting Corp.* v. *Santomassimo, supra*, wherein he said:

"The relation of employer and employe continues while the employe is riding to and from his employer's premises, in a truck used in connection with his employer's work, by direction of his employer, with his knowledge and acquiescence in the continued practice, which was beneficial to both the employer and employe, and an injury sustained while so riding arises out of and in the course of his employment. See *Cicalese* v. *Lehigh Valley Railroad Co.*, 75 *N. J. L.* 897; *Depue* v. *Salmon*, 92 *Id.* 550; *Dunbaden* v. *Castle's Ice Cream Co.*, 103 *Id.* 427; *Bolos* v. *Trenton Fire Clay and Porcelain Co.*, 102 *Id.* 479; *affirmed*, 103 *Id.* 488."

Thus the factual question was present in the instant case, but left undecided by the Supreme Court, as to the continued practice, or the course of business actually followed concerning the transportation of the deceased even though it may not have been the result of either an express contract or may not have ripened into a custom between the parties. Was the transportation for thirteen or fourteen days prior to and including the date of the accident with the express or implied knowledge and acquiescence of the employer? Was it the result of continued practice, or in the course of the business of the employer? Was it for the benefit of both employer and employe? A determination of these facts is essential to a proper application of the apposite principles of law.

*Second:* It was not error for the Court of Common Pleas to have remitted the cause to the compensation bureau for the latter to have taken additional proofs, to make a more specific finding and determination of the issues involved. See *Jayson* v. *Pennsylvania Railroad Co.,* 101 *N. J. L.* 159, 163; 127 *Atl. Rep.* 169, and *Ruoff* v. *Blasi,* 117 *N. J. L.* 47, 51; 186 *Atl. Rep.* 581.

The cause will be remitted to the Supreme Court to make a finding of the facts and to those facts apply the principles of law consistent with the views herein expressed. Costs to abide the event.

*For affirmance*—TRENCHARD, CASE, BODINE, HETFIELD, WELLS, WOLFSKEIL, JJ. 6.

*For modification and remand*—THE CHANCELLOR, CHIEF JUSTICE, HEHER, PERSKIE, DEAR, RAFFERTY, COLE, JJ. 7.