NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

FRED GORMAN, PETITIONER, v. MINER-EDGAR CHEMI-
CAL CORPORATION, AND JOHN J. TOOHEY, JR., COM-
MISSIONER OF LABOR OF THE STATE OF NEW JER-
SEY, RESPONDENTS.

Decided January 31, 1938.

For the petitioner, *Haines & Chanalis.*

For the respondent, *Kalisch & Kalisch.*

For the commissioner of labor, *Stephen J. Lorenz.*

This is a proceeding under the Workmen's Compensation act, chapter 95, *Pamph. L.* 1911, together with the several acts amendatory thereof and supplemental thereto, brought by Fred Gorman, as petitioner, against the Miner-Edgar Chemical Corporation, a body corporate, and John J. Toohey, Jr., commissioner of labor of the State of New Jersey, as respondents, praying for a further award of compensation beyond the four hundred-week period as against the Miner-Edgar Chemical Corporation, pursuant to the provisions of paragraph 11(b), or, in the alternative, seeking the payment of benefits by John J. Toohey, Jr., commissioner of labor of the State of New Jersey, from the one per cent. revolving fund, as provided by chapter 81, *Pamph. L.* 1923 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3904, § **236-92), as amended by chapter 55, *Pamph. L.* 1936; *N. J. Stat. Annual* 1936, § **236-92.

The present amended petition was filed on July 14th, 1937, to which the respondent Miner-Edgar Chemical Corporation filed an answer, denying any further liability on its part to pay petitioner compensation, and contending that any payments of compensation beyond the four hundred-week period should be made from the one per cent. fund, because at the time of the accident complained of, petitioner had already previously been permanently and partially disabled from another or other causes, and thereby became entitled to the benefits under chapter 55, *Pamph. L.* 1936.

\*      \*      \*      \*      \*      \*      \*

A review of the earlier proceedings reveals the following facts:   On September 18th, 1929, upon trial on the original

petition and answer before Deputy Commissioner Harry J. Goas, an award was granted in favor of the petitioner and against the respondent Miner-Edgar Chemical Corporation, for three hundred and seventy-five weeks' compensation at the rate of $17 per week, based on seventy-five per cent. of permanent and total disability. From the evidence it appeared that the petitioner was regularly employed by the said respondent in the capacity of night watchman and fireman, receiving for his services wages at the rate of $30 per week; that he met with an accident on August 17th, 1928, arising out of and in the course of his employment, when, upon going from the fireroom to some other part of the factory to make a report, he fell down a back stairway and broke his right hip bone; and that, because of an underlying Paget's disease, the fragments of bone failed to unite, rendering the leg useless and producing such intense pain as to prevent him from resuming work. The respondent took an appeal to the Supreme Court on a writ of *certiorari*, contending that the award should have been limited to one hundred per cent. loss of the right leg or one hundred and seventy-five weeks' compensation at the rate of $17 per week. The Supreme Court in *Fred Gorman* v. *Miner-Edgar Chemical Corp.*, 9 *N. J. Mis. R.* 180; 153 *Atl. Rep.* 271, affirmed the award which was thereafter paid in full by respondent, the opinion of the court being as follows:

"The case arises under the Workmen's Compensation act. The commissioner found seventy-five per cent. of total disability. The Common Pleas Court on review found this view supported by the evidence. Petitioner was suffering from Paget's disease, which prevents the uniting of bones. As a result of the accident, of which he complains, he broke his leg. The medical testimony is undisputed that the bones will never knit. The prosecutor contends that at the most there is a loss only of a leg. The testimony, however, supports no such conclusion. The man cannot work and cannot rest or sleep because of the pain. The fact that part of this trouble may be due to pre-existing disease does not inure to the benefit of the employer. *Combination Rubber Manufacturing Co.* v. *Obser*, 95 *N. J. L.* 43.

"The judgment will be affirmed, with costs."

On July 16th, 1936, upon a petition for increased disability to which respondent filed its answer admitting such increase and its liability by reason thereof, it was stipulated at a hearing before me that the petitioner's incapacity had progressed to the extent of one hundred per cent. of permanent and total disability, and that he was entitled to an additional allowance of compensation in the amount of twenty-five weeks at the rate of $17, or the difference between four hundred weeks, the period of compensation allowed under the act for disability equivalent to one hundred per cent. of permanent total, and three hundred and seventy-five weeks received pursuant to the previous award. An award was accordingly entered on the above basis and consented to by counsel. It was stipulated by counsel that the question of rehabilitation of petitioner would be referred for investigation. Compensation in accordance with the award was paid by the respondent; the final payment being made on November 16th, 1936.

Subsequent thereto petitioner submitted himself to the state rehabilitation commission pursuant to the requirements of paragraph 11(b) (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3872, § **236-11(b) ; chapter 95, *Pamph. L.* 1911, as amended by chapter 49, *Pamph. L.* 1923, *p.* 101), which commission, under date of January 27th, 1937, filed the following certification:

"After physical examination of Fred Gorman and examination of the record, it is the judgment of and the State Rehabilitation Commission hereby certifies that Fred Gorman is totally and permanently vocationally industrially incapacitated."

There appears to be no dispute in this case but that the petitioner is entitled to have his compensation for disability total in character and permanent in quality continued after November 16th, 1936, the date on which the four hundred-week period terminated. The sole question in issue is as to whom are the extended payments of compensation chargeable.

It is contended by counsel for Miner-Edgar Chemical Corporation that such payments are properly chargeable to the

one per cent. fund (chapter 81, *Pamph. L.* 1923; *Cum. Supp. Comp. Stat.* 1911-1924, § **236-92, as amended by chapter 55, *Pamph. L.* 1936; *N. J. Stat. Annual* 1936, § **236-92), on the ground that Gorman's total disability is not due entirely to the accident, but rather to a combination of the effects of the said accident and some antecedent cause—Paget's disease, and that by reason thereof he comes within the class of totally and permanently disabled persons, "having experienced a permanent disability under conditions entitling such persons to compensation therefor when such persons had previously been permanently and partially disabled from some other cause." In support of its contention the respondent corporation produced four witnesses—employes of the Waterman Company—who testified that they knew Gorman during the period of his employment with the Waterman Company from 1925 to 1928, and that upon their several observations they noticed he walked with a limp. If such contention is tenable then it must necessarily follow that petitioner's total disability is definitely ascribable to two separate and distinct causes which, operating together, produce such result, namely, the limp, as the pre-existing or antecedent cause, and the fracture of the femur with its attendant complications, as the other or compensable cause sustained as a result of the accident. The evidence, however, quite clearly points to the contrary, establishing conclusively that the accident not only caused a severe leg injury with complete impairment of its use, but, more than that, it was the exciting cause of the activation of an underlying Paget's disease, and hence petitioner's total disability. While the primary injury was a broken leg, its effect was to cause such pain and discomfort that the petitioner thereafter could neither work nor sleep, and although he was afflicted with a limp prior to the occurrence of the mishap, this apparent abnormality, of itself, neither added to nor detracted from his present state of incapacity.

Counsel for the commissioner of labor, in urging that the respondent-corporation is liable for compensation beyond the four hundred-week period, contends that the accident alone

has produced the petitioner's present state of total incapacity, proof of which fact has been established by certain proceedings heretofore brought in this bureau, as well as by payment of the statutory four hundred weeks' compensation by the said respondent in discharge of its liability therefor. Counsel relies upon the language of the statute (chapter 81, *Pamph. L.* 1923, *supra*, as amended by chapter 55, *Pamph. L.* 1936, *supra*), to wit: "In such cases the compensation payable from the said fund (one per cent. fund) shall cover that portion of the period (four hundred-week period) for which the employer is not legally responsible due to the permanent and partial disability suffered or possessed by the employe at the time that the employe sustained the injury as a result of which the employe became totally and permanently disabled," and argues with great force that since Gorman has been compensated by the respondent for the full four hundred-week period by reason of total disability caused by the accident, obviously there is no such balance or portion of the four hundred weeks for which the one per cent. fund is chargeable. To this contention I find considerable merit, inasmuch as there can be little doubt but that the previous condition, for which the one per cent. fund seeks to compensate, must be permanently and partially disabling and capable of being fixed in definite percentage of disability. This previous permanent and partial disability must be as to its existence and extent, substantially as certain and as capable of ascertainment as previously incurred permanent partial disability through the loss of one hand, one arm, one foot. one leg, or one eye. A weakness, whether pathological or traumatic in origin, which does not become manifest until an accident occurs, is not ordinarily considered as a disability, being too indefinite and speculative for practical purposes.

The Workmen's Compensation act prescribes no standard of physical fitness to which an employe must conform. Hence compensation is not based on any implied warranty of health or immunity from latent and unknown tendencies to disease. which may develop into positive ailments if incited to activity through an injury by accident arising out of and in the course

of employment. While I am satisfied that the petitioner was afflicted with a pre-existing Paget's disease—a bone disorder of unknown origin, characterized by gradual thickening and deformity of the bones, I feel equally satisfied that the said disease was dormant and quiescent until the day of the mishap and became disabling only thereafter upon being precipitated into a state of activity by reason of the accident.

The doctrine of aggravation of a previously impaired physical condition is well established not only in this jurisdiction but in many others. Acceleration of a dormant disease by trauma may constitute a personal injury, and such injury may be by accident, although it would not have been sustained by a perfectly healthy individual. It is a fundamental principle under the compensation statutes that an employer takes an employe subject to his physical condition when he enters the employment. Compensation benefits are not intended solely for the protection of employes in normal physical condition, but for those who may be in a subnormal state of health. In the leading case of *Geisel* v. *Regina Co.,* 96 *N. J. L.* 31; 114 *Atl. Rep.* 328, it was held "that death may be found as having been caused by an accident, although there was a diseased bodily condition prior to the injury, without which death would not have ensued, where the undeveloped and dangerous conditions are set in motion producing such result."

Upon carefully considering the evidence in this case, I can reach no other conclusion than that the accident is the sole cause of petitioner's total disability. Accordingly I find that the petitioner has established his right to further compensation from the respondent Miner-Edgar Chemical Corporation, beyond the four hundred-week period, pursuant to the provisions of 11(b).

I further find that Dr. Carl Keppler is entitled to a fee of $35 for his appearance in court and for giving expert testimony in behalf of the petitioner, payable by respondent Miner-Edgar Chemical Corporation. A counsel fee in the sum of $200 will be allowed Messrs. Haines & Chanalis, petitioner's attorney, payable by the said respondent.

It is therefore  *  *  *  adjudged, determined and ordered, that judgment be entered in favor of the petitioner, Fred Gorman, and against the respondent Miner-Edgar Chemical Corporation, in the sum of $17 per week, payments to begin as of November 17th, 1936, and to continue thereafter without date so long as the disability remains total and permanent, subject, however, to such periodic reconsiderations and extensions as the case may require, or upon modification of the award by further order of this bureau.

*        *        *        *        *        *        *

And it is further ordered that the petition as against John J. Toohey, Jr., commissioner of labor, in so far as it relates to a claim for benefits under the one per cent. fund be and the same is hereby dismissed.

JOHN J. STAHL,
*Deputy Commissioner.*