FANNIE GRADY, PETITIONER-APPELLEE, v. NEVINS CHURCH PRESS COMPANY, RESPONDENT-APPELLANT.

Submitted February 23, 1938—Decided May 24, 1938.

For the petitioner-appellee, *David Roskein.*

For the respondent-appellant, *Newton H. Porter, Jr.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The question to be decided in this case is whether Fannie Grady, the petitioner-employe, is entitled to compensation under the Workmen's Compensation act. That she was an employe of the appellant is conceded, the disputed issue being whether the admitted accident and resulting injury arose out of and in the course of her employment.

Mrs. Grady was about to enter the employer's premises, about a half-hour before the appointed time for commencing work. She alighted from a bus at half past seven o'clock in the morning, February 21st, 1936, crossed the roadway in front of the employer's plant, walked up a very slight incline driveway which was paved and normally used for such vehicular traffic as might have occasion to enter or leave the premises, slipped on some snow or ice patches (and perhaps on a piece of paper or thin cardboard similar to the kind used in the plant as a covering for razor blades), fell and sustained a fracture of the ankle.

It is, we think, important to note that immediately adjacent to the driveway upon which the petitioner fell was an entrance which was intended for use by the employes in entering the employer's plant. In front of this entrance normal sidewalk conditions obtained. It is not contended that the driveway upon which the petitioner sustained her accident was a necessary means of ingress and egress to the premises in question.

The deputy commissioner concluded on these facts that the petitioner had suffered an injury by accident arising out of and in the course of her employment and allowed compensation. On appeal to the Essex Pleas, this determination was affirmed on the authority of *Bolos* v. *Trenton Fire Clay and Porcelain Co.*, 102 *N. J. L.* 479; *affirmed*, 103 *Id.* 483. *Certiorari* was allowed and the judgment of the Pleas affirmed by the Supreme Court (119 *Id.* 135), the court relying on *Terlecki* v. *Strauss*, 85 *Id.* 454; *affirmed*, 86 *Id.* 708, and *Gullo* v. *American Lead Pencil Co.*, 118 *Id.* 445. After the affirmance of the Pleas by the Supreme Court, the Gullo case

was reversed by this court (119 *Id.* 484) and the rule then enunciated is, in our judgment, dispositive of the present question. We think the judgment before us is erroneous and it must be reversed.

To warrant a recovery under our Compensation law, it must appear that the accident and injury suffered arose out of *and* in the course of the employment. Both components or elements must be present. This is a statutory requirement. The words " 'out of' point * * * to the origin and cause of the accident; the words 'in the course of' to the time, place and circumstances under which the accident takes place. The former words are descriptive of the character or quality of the accident; the latter words relate to the circumstances under which an accident of that character or quality takes place. The character or quality of the accident as conveyed by the words 'out of' involves * * * the idea that the accident is in some sense due to the employment. It must be an accident resulting from a risk reasonably incident to the employment." *Bryant, &c.,* v. *Fissell,* 84 *N. J. L.* 72 (at *p.* 76) ; *Fitzgerald* v. *Clarke & Son* (1908), 2 *K. B.* 796.

The fact that the accident in question occurred at least a half hour before the time appointed for commencing work at the plant is, we think, quite conclusive that the employment had not yet begun within the contemplation of the statute. Now if the employment had not yet begun, it is manifest that the accident in question did not arise in the course of the employment. In reaching this conclusion, we are not unmindful of the holding of the federal Supreme Court in the case of *Cudahy Packing Company of Nebraska* v. *Parramore,* 263 *U. S.* 418, or of the holding of this court in *Terlecki* v. *Strauss, supra,* or *Bolos* v. *Trenton Fire Clay and Porcelain Co., supra.* These cases, we think, are clearly distinguishable. In the first case the employe had not actually started work, but was using the only available road into the plant in order to get there, with the knowledge and approval of the employer, and the danger which caused the death in that case was one to which the employe was peculiarly exposed because of the very fact that he had to use this means of

ingress and egress since there was no other. The court, in its opinion, was careful to point out that it was bound by the construction and application of the statute placed upon it by the courts of the State of Utah and that the "case must be considered as though the statute had in specific terms provided for liability upon the precise facts hereinbefore recited." That is quite different from this case. Here Mrs. Grady did not use the sidewalk approach to the entrance. Instead she walked up the driveway. The menace was not one peculiar to her or other employes of the plant but common to the public who might also walk at that particular spot. It was not related to the employment. In the Terlecki case the accident happened shortly after the employe had finished her morning's work and before she left the workshop where she was employed. She was making ready to go to lunch and was combing her hair, when it was caught in the still moving machine belt. Clearly this was an accident that arose out of and in the course of the employment. It was reasonably necessary for the petitioner in that case to make herself presentable before going out to lunch and such acts were obviously within the contemplation of the employer. Moreover, it was within a reasonable time from the time she stopped work. In the Bolos case the employe met with the accident just at the expiration of the time set apart for lunch. He was riding on the running board of a truck belonging to the employer, from one part of the premises where he had eaten his lunch to another part. During the course of the ride the truck went along a public street and as it was turning into its destination, premises of the employer, the employe was killed. A compensation award was sustained. This was a broad and properly liberal view of the statute. This court, in its opinion in *Gilroy* v. *Standard Oil Co.*, 107 *N. J. L.* 170 (at *p.* 173), comments on that case thus: "Bolos was still in the course of his employment. He was going from one part of his employer's plant to another for the purpose of resuming work." The contract of employment and its protective features were not suspended while the workman ceased his labors for the purpose of having lunch. Compare

*In re Sundine,* 105 *N. E. Rep.* (*Mass.*) 433. As a general rule, compensation will not be awarded to a workman for injuries resulting from accidents happening while he is on his way to or from work. There are exceptions to this rule. See *Rubeo* v. *McMullen Co.* (*Court of Errors and Appeals*), 120 *N. J. L.* 182.

Awards have also been sustained that embraced accidental injuries even before work was started when the employe was in the building of the employer and fell into an elevator shaft or on the stairway, on the theory that he had *reached* the place of employment and had used a means of entrance appurtenant to the premises of the employer. *Starr Piano Co.* v. *Ind. Acc. Com. et al.,* 184 *Pac. Rep.* (*Cal.*) 860; see, also, *Ocean Acc. and Guar. Co.* v. *Ind. Acc. Com. of California,* 173 *Cal.* 313; 159 *Pac. Rep.* 1041.

The English rule seems to be consistent with the rule of the cases just cited that it is requisite that the person claiming compensation must, if not actually working at the time of the accident, be in effect on the premises where his employment is or be using an instrumentality appurtenant thereto, *e. g.,* the gangway and ladder cases where the employment is on a steamship. *Robertson* v. *Allan Bros. & Co.,* 1 *B. W. C. C.* 172; *Moore* v. *Manchester Liners, Ltd.,* 3 *Id.* 527; *Keyser* v. *Burdick & Co.,* 4 *Id.* 87; *Kearon* v. *Kearon,* 4 *Id.* 435; *Leach* v. *Oakley, Street & Co.,* 4 *Id.* 91; *Kitchenham* v. *S. S. Johannesburg,* 4 *Id.* 91; *Jackson* v. *General Steam Fishing Co., Ltd.,* 2 *Id.* 56. But the rule is otherwise and compensation is not allowed when the accident occurs at a place other than the actual place of employment. See *Gilmour* v. *Dorman, Long & Co., Ltd.,* 4 *B. W. C. C.* 279; *Walters* v. *Slaveley Coal and Iron Co., Ltd.,* 4 *Id.* 303; *Biggert* v. *S. S. Minnesota,* 5 *Id.* 69; *Caton* v. *Summerlee, &c.,* 39 *Scott T. R.* 762.

Although our statute is similar to that of England, we do not adhere to the rigorous statutory construction held by the English courts. Our construction has liberalized their rule considerably, *e. g.,* the Terlecki and Bolos cases. From a consideration of these cases it is evident that we do not hold

that an accidental injury to be compensable must occur within a period of time co-extensive with the contract for the given and customary hours of labor. The protection of the statute goes further than that and includes terms reasonably incidental to the term of employment and which attach to it with the express or implied consent of the employer. This principle, we think, may reasonably be extracted from the cases in our own state, cited above. See, also, *Mann* v. *Glastenbury Knitting Co.*, 90 *Conn.* 116; 96 *Atl. Rep.* 368; *Merlino* v. *Connecticut Quarries Co.*, 93 *Conn.* 57; 104 *Atl. Rep.* 396; *Procaccino* v. *Horton & Sons*, 95 *Conn.* 408; 111 *Atl. Rep.* 594; *Corvi* v. *Stiles & Reynolds Brick Co.*, 103 *Conn.* 449; 130 *Atl. Rep.* 674.

Adverting to the facts before us and applying the legal principles of our cases, especially the principle stated by this court in the Gullo case (119 *N. J. L.* 485), it is clear that the injury suffered by the petitioner is not compensable. As was said in the Gullo case, "there must come a time when the employe is on his own. At the moment of the accident the respondent was not in employment. The time and place were her own; she could proceed or turn back. She was in no sense in the service of the employer at the moment." If the rule was otherwise, we could with as much logic hold that because the employe tripped on the staircase of her home in her hurry to get to work on time, or fell from the bus which she used as a means of transportation to her work that such unforeseen accident and injury would be compensable at the hands of the employer. In the broad sense, of course, it is apparent that but for the fact that Mrs. Grady was on her way to work she would not have suffered an injury, but this is not the test. The statutory requirement is that the injury complained of must not only arise out of but must occur in the course of the employment and therefore in these cases, as a necessary ingredient, it must appear that the accident which resulted in injury to the claimant, is related and incidental to the employment.

The judgment will be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, DONGES, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 11.