ANNIE GROTSKY, PETITIONER-RESPONDENT, v. CHARLES GROTSKY, INC., RESPONDENT-PROSECUTOR.

Submitted October 4, 1938—Decided December 30, 1938.

Before Justices CASE, DONGES and PORTER.

For the petitioner-respondent, *S. Arthur Schnitzer* and *James A. Hamill.*

For the respondent-prosecutor, *Henry M. Grosman.*

The opinion of the court was delivered by

CASE, J. The judgment under review is in the Hudson Common Pleas. It affirms a determination of the Workmen's Compensation Bureau in favor of Annie Grotsky for compensation because of the death of the latter's husband, Moe Grotsky. Decedent, sixty-three years of age, was employed as a clerk in the clothing store of Charles Grotsky, Inc. That corporation carries the name of decedent's brother, Charles Grotsky, who was its president. On the night of March 30th, 1937, at ten minutes before eleven o'clock Moe Grotsky was struck by an automobile at the intersection of Broadway and Thirty-fourth street, Bayonne, as he was crossing the street after alighting from a bus at that point. So far as disclosed by the physical examination and X-ray photographs made at the hospital his injuries were a dislocated thumb and a fractured fibula. He was treated at the hospital for two weeks and then discharged. On April 23d the attending physician was summoned to his home and found that he was suffering from a coronary disease. He was returned to the hospital where he died on May 15th. The cause of death as diagnosed by the attending physician was arteriosclerosis, coronary occlusion and myocardial disease aggravated by the accident, and as stated by the county physician on the death certificate was syncope due to cardiac failure probably myocardial in nature, with the mentioned injuries as a contributory cause.

The prosecutor of the writ argues two grounds for reversal, first, that the alleged accident did not arise out of or in the course of deceased's employment and, second, that there was no causal relation between the alleged accident and the death.

There is adequate, although strongly disputed, support in the evidence for the finding that the injuries contributed to the already existing disease in causing the death. We accept the finding below thereon. We come to a different conclusion, however, on the relations between the accident and the employment.

Charles Grotsky had left the store between eight and eight-thirty in the evening with instructions to Moe, according to Charles' testimony, to keep the store open until the proper hour for closing and then to deliver the keys to Charles at the latter's house so that he might open the store the following morning. During the evening Moe effected a sale of clothing to a customer who required that delivery be made that night. Therefore, at the closing of the store Moe took the goods to make delivery on his way home. With him went a co-employe who lived in the same general direction and the two boarded a Broadway bus. At Twenty-ninth street the men left the bus and walked to the customer's house which was on that street near the Boulevard. Both men retraced their steps as far as the intermediate Avenue C, where the co-employe who lived on that avenue turned uptown to go home. Moe continued his return along Twenty-ninth street until he reached Broadway. There he continued his trip uptown by again boarding a bus, from which he alighted at Thirty-fourth street. He was struck as he was there crossing from the east to the west side of Broadway, within a hundred feet or so of his home. Whether or not the accident arose out of and in the course of the employment depends, in our opinion, upon the fact as to decedent's destination. If decedent had ended his employment service and was on his way home, then, under our cases, we consider that the accident was not compensable. For upon that supposition the detour for performing the business errand had, as we believe, terminated where it began, namely, at Twenty-ninth street and Broadway. Decedent was then upon his regular route, and by his usual method of travel, between business and home and was in no different position with respect to his employment than had he come from the store without deviation. He was

going where and as he would, entirely outside the ambit of his employment. As a general rule, compensation will not be awarded for injuries resulting from accidents happening to a workman while he is on his way to or from work. *Grady* v. *Nevins Church Press Co.,* 120 *N. J. L.* 351; *Gullo* v. *American Lead Pencil Co.,* 119 *Id.* 484. While there are exceptions to this rule (*e. g., Rubeo* v. *Arthur McMullen Co.,* 118 *Id.* 530; 120 *Id.* 182) the facts of the instant case may not, we think, be classed among them. It is claimed for the respondent, and it was found in both of the lower tribunals, that the decedent was on his way, not to his home, but to his brother's house to deliver the store keys, and it was upon that finding of fact that compensation was awarded and sustained.

In determining the fact the relative locations of streets, store and residences must be considered. According to the proofs, Broadway runs north and south. The next parallel street to the west is Avenue C and the one beyond that is the Boulevard. The store was on Broadway at Twenty-second street. The decedent's residence, as has been indicated, was on Thirty-fourth street at Broadway. The customer's residence was at Twenty-ninth street near the Boulevard. Charles Grotsky's residence was on the Boulevard at Thirty-fourth street. From the store there was bus service along Broadway to decedent's home, and decedent's practice was to travel from store to home by that method. From Twenty-ninth street there was bus service along the Boulevard to Charles' residence. There is no explanation in the testimony as to why, if the decedent was headed for his brother's home, he should, being at Twenty-ninth street and Boulevard, leave the direct route, five blocks in length, along the Boulevard to his destination and take the long detour, at that hour of the night, walking from the Boulevard to Broadway and then, having reached Thirty-fourth street, walking from Broadway back again to the Boulevard. The unsupported suggestion that the decedent was in the act of making that lengthy and unnecessary detour is not in itself plausible. Proof that it is not correct is to be found in the signed statement made by the decedent himself on April 21st, 1937, three weeks after the

accident, a week after he came home from the hospital and three weeks before his death, under auspices which convince us of its authenticity and truthfulness. In that statement, he, Grotsky, said in simple and direct words: "I had delivered the suit and I was on my way home." From that paper comes the only knowledge in the case as to what Moe Grotsky did and where he was bound after he left his co-employe at the corner of Twenty-ninth street and Avenue C. In thus observing we are not forgetful of the testimony given by the fellow employe: "Q. Where did he go after he left you? A. He was to go to the boss' house." No knowledge is manifested upon which evidential weight may be credited to that assertion, and the witness had just testified that he did not know why Grotsky had continued eastwardly toward Broadway. It is clear, therefore, that if Moe Grotsky had earlier purposed to go to his brother's house, he abandoned the plan upon or before delivery of the goods—a not unlikely development because it comes from Charles, himself, that the latter had other keys with which, in fact, he opened up the store the following morning.

We cannot reconcile the probabilities of human action and the proof that comes in over the decedent's own signature with the factual determination below. It is the duty of the Supreme Court, on *certiorari,* in compensation cases, to review the facts as well as the law, and while the court may, of course, affirm a judgment of the Pleas, it may nevertheless reach a factual result contrary to the one reached either in the bureau or in the Pleas (*Rubeo* v. *Arthur McMullen Co.,* 117 *N. J. L.* 574), or in both of those tribunals. *DeSantis* v. *Turner Construction Co.,* 120 *Id.* 590. We find as a fact that the decedent was at the time of the accident on his way home and that he was not in the act of going to his brother's house either to deliver the store keys or for any other purpose.

Respondent would invoke the principle that the compensation statute is remedial and should be broadly and liberally construed. That principle has to do with the construction and the application of the statute. It does not operate to distort the proofs or to make the facts other than as they are.

Our conclusion is that the accident did not arise out of and in the course of the employment and that the judgment below should therefore be reversed, with costs.