ESSEX COUNTY COURT OF COMMON PLEAS.

IN THE MATTER OF THE APPLICATION OF MICHAEL GLENNON, FOR BENEFITS FROM THE ONE PER CENT. FUND, PAMPH. L. 1938, CH. 198, PP. 474-476 (R. S. 34:15-95 AND 34:15-95.1).

Decided March 25, 1940.

For the petitioner-appellant, *George F. Corrigan* and *George C. Litwack.*

For the Commissioner of Labor, respondent-appellee, *William J. Egan,* assistant attorney-general (by *Stephen J. Lorenz*).

HARTSHORNE, C. P. J. This is another of the numerous applications for benefits under the so-called one per cent. fund. The difficulty in this class of cases is apparently due to a misunderstanding of the legislative intent as exhibited in the present and preceding acts. *Pamph. L.* 1938, *ch.* 198; *R. S.* 1937, 34:15-94, 95, 95.1; *Pamph. L.* 1936, *ch.* 55; *Pamph. L.* 1933, *ch.* 456; *Pamph. L.* 1931, *ch.* 108; *Pamph. L.* 1923, *ch.* 81. This intent is (1) to insure to the employe full compensation, where a compensable disability succeeds,

but has no causative connection with, the results of a prior disability, the combination of the two leaving the employe permanently and totally disabled. Its purpose is (2) to relieve the employer of the undue burden of a prior disability, with which, or its results, the disability arising in his employ had no causative connection, but which burden the previous broad provisions of the Workmen's Compensation act were found to impose upon him. *Combination Rubber Manufacturing Co.* v. *Obser,* 95 *N. J. L.* 43; 96 *Id.* 544; 115 *Atl. Rep.* 138; *Richardson* v. *Essex National Trunk and Bag Co., Inc.,* 119 *N. J. L.* 47; 194 *Atl. Rep.* 622.

The test as to the applicability of the one per cent. fund is thus seen to be (a) that an employe has become totally and permanently disabled when a compensable disability is superimposed upon a prior disability, whether compensable or not, and (b) that the prior disability is one for whose results the subsequent disability has not been a competent producing cause, as by aggravation. *Voessler* v. *Palm, &c., Co.,* 120 *N. J. L.* 553; 1 *Atl. Rep.* (2d) 32; 122 *N. J. L.* 434; 5 *Atl. Rep.* (2d) 753; *Gorman* v. *Miner-Edgar Chemical Corp.,* 16 *N. J. Mis. R.* 170; 198 *Atl. Rep.* 404; *Toohey* v. *Gorman,* 123 *N. J. L.* 235; 8 *Atl. Rep.* (2d) 574. If the facts meet these conditions, the one per cent. fund is responsible to the extent of this prior, concurrently existing, but independent, disability. If not, either the employer, responsible for the subsequent disability, is responsible for the results of the prior disability, of which the subsequent disability has been the competent and producing cause, or no one is, as where the end result is due merely to advancing age. *Ruffin* v. *Albright,* 121 *N. J. L.* 424; 3 *Atl. Rep.* (2d) 135; *Rother* v. *Merchants Refrigerating Co.,* 122 *N. J. L.* 347; 6 *Atl. Rep.* (2d) 404.

The facts in the present case, to be construed in the light of the above principles, are as follows:

Glennon was a watchman, well on in his sixties. Unknown to him, and without interfering in anywise with his work, he had to some extent arteriosclerosis and arthritis, a common condition in one of his age. He met with an accident in 1932 while in the employ of the International Engineering Com-

pany. On compensation proceedings against his employer for this accident, to which the one per cent. fund was in nowise a party, a settlement was arrived at after hearing and the taking of testimony, in which he was found to be disabled 100 per cent., 66-2/3 per cent. of permanent total being chargeable to the employer due to the compensable accident. Some years later, in 1939, he first instituted proceedings against the one per cent. fund. Both the employe and his doctor, the same one who testified in the proceedings against his employer, concur in the fact that he had no actual disability prior to the accident, his arterial and arthritic condition being then latent. All agree that he is now totally disabled, and it would seem probable that this condition existed at least at the time of the employer's hearing above.

Applying the above principles, it is the employer, not the one per cent. fund, which is responsible for the lighting up or aggravating of this pre-existing, latent, arterial and arthritic condition. And this responsibility would apply not only to the results apparent originally, but to their subsequent increase, under section 21-F of the statute.

Of course, if there is a mere aggravation of a previous patent condition, the latter being subject to admeasurement, the responsibility is only to the extent of the aggravation, as distinguished from responsibility for the full results where a latent condition is made patent. But petitioner's doctor, while in one breath using the term "aggravation," calls it a mere "guess," and thereafter speaks definitely of the prior condition as having been latent.

The practical difficulty here seems to be that, as is usual in the case of settlements, both sides conceded something, the petitioner having conceded, contrary to what now appears to be the fact, the lack of connection between the previous latent condition and the subsequent accident. Of course, the settlement order, entered without the participation of the one per cent. fund, is not *res adjudicata* as to it, the remedy of the employe, if any, lying in further proceedings against the employer.

The denial of petitioner's application herein is accordingly affirmed, and a determination may be entered accordingly.