NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JAMES WOODLE, PETITIONER, v. CLARA AND WILLIAM SULLIVAN, RESPONDENT.

Decided July 1, 1941.

For the petitioner, *Thomas Shebell*.

For the respondent, *Cox & Walburg* (by *William Waln*).

\*    \*    \*    \*    \*    \*    \*

It seems clearly established in the medical testimony that the condition from which petitioner is now suffering is multiple sclerosis. The controversy medically, there being admission by petitioner's experts that this condition pre-existed the accident is as to whether or not the accident suffered by petitioner aggravated this pre-existing condition. Petitioner's experts maintained it did, respondent's that it did not. It was further stated that this condition is remissional in nature.

That the petitioner suffered from this disease previous to the accident I do not think can be doubted because of his former symptoms of numbness of the right hand which the medical testimony clearly establishes was a result of this disease. That it was not disabling before the accident is equally clear from the evidence of petitioner's continuance at

work without difficulty until after the occurrence of his accidental injuries.

It appears clear and convincing that the petitioner enjoyed good health and was able to perform his usual labors up to the time of the accident complained of and that immediately thereafter his health rapidly retrogressed until he has now become totally incapacitated. That this retrogression was mainly due to the development of his disease of multiple sclerosis is also clearly apparent.

Petitioner urges that the fall suffered by him activated this condition and caused thereby his present total disability.

Respondent urges in its brief that the mere fact that two things happen within a short time of each other is not proof that one caused the other. But yet where, as here, physical deterioration closely follows an event competent to produce that effect, one cannot easily escape the inference of a causal connection between the two and such inference is not overcome by mere medical theory in my opinion.

Respondent further contends in his brief that liability for petitioner's disability does not attach in this case if it is found that petitioner's disability is the result of multiple sclerosis as this is an incurable disease, and cites the case of *Toohey* v. *Gorman,* 125 *N. J. L.* 41; 13 *Atl. Rep.* (2d) 273, wherein the court held that the non-union of the fractured bone causing the disability was due to an incurable disease (Pagett's) and that since the employer was not responsible for the incurable disease it was not responsible for the disability resulting from the non-union of the fracture. There is, however, a long line of cases holding that where an accident aggravates or activates a pre-existing disease the employer is liable for all the ensuing disability thus precipitated notwithstanding the fact that the injury itself would not have caused as great a disability as ensued were it not for the underlying condition.

The distinction in the Toohey *v.* Gorman case from the latter mentioned ones is that in the former the disease itself was unaffected by the injury, *i. e.,* it was not aggravated or accelerated and thus it was the disease and the fracture that together caused the total disability as an aggregate of the two. In this case, however, it is the disease alone that causes the

end result, but would not have caused the same had it not been activated by the fall suffered by petitioner and this claim, therefore, falls within the purview of the other class of cases, such as *Geizel* v. *Regina Co.,* 96 *N. J. L.* 31; 114 *Atl. Rep.* 328.

I do, therefore, find and determine that the petitioner sustained personal injuries by accident arising out of and in the course of his employment with respondent on June 24th, 1939.

\*     \*     \*     \*     \*   \   \*     \*

<div align="right">

HARRY H. UMBERGER,
*Deputy Commissioner.*