EUPLIO DE MARCO, PETITIONER-RESPONDENT, v. NO-WORRY CHEMICAL CO., RESPONDENT-PROSECUTOR.

Submitted January 19, 1943—Decided April 7, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the petitioner-respondent, *David Roskein* (*Harry Cohn,* of counsel).

For the respondent-prosecutor, *Collins & Corbin* (*Edward A. Markley* and *Patrick F. McDevitt,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. *Certiorari* was allowed to review a judgment of the Essex County Court of Common Pleas in a compensation case. The claim of the petitioner, when presented in the Bureau, resulted in a dismissal of the petition. On appeal, the Pleas reversed. In the Bureau the deputy commissioner stated that he did not believe certain of the witnesses who testified for the petitioner and certain others produced by the respondent. He concluded that the petitioner had "failed to establish by credible testimony" that

the petitioner sustained an injury by accident which arose out of and in the course of his employment. In the light of that finding it was of course useless to put in evidence of the extent of the injury and the *quantum* of disability. The Pleas, however, in a clear and sensible appraisal of all the evidence, determined that a compensable accident was proved by competent evidence on behalf of the petitioner, which was unimpeached; and that the respondent's defense was based on incompetent, that is, hearsay evidence. The petitioner claimed that his injury—a broken thumb—was received in the course of his work for his employer on January 3d, 1940. The defense was that the broken thumb was the result of a brawl in a local tavern on New Year's Eve. Corroboration of the petitioner, circumstantial in part and more or less direct in other parts, was supplied by the witness, Castelli, bookkeeper and alleged partner in the defendant employer company, and by the foreman of the respondent company. Other witnesses for the petitioner and still others called by the employer were evasive in their testimony and their story about the fracas in the tavern on New Year's Eve left much to be desired in the way of information. But, regardless of the evasion and perhaps false swearing that was discerned by the referee in the Bureau and by Judge Flannagan in the Pleas, we think the judgment of the Pleas reversing the Bureau was clearly right and, from our examination of the facts, we conclude that a compensable accident, under the statute, was made out from the testimony of the petitioner and the employee witnesses who corroborated his claim. The testimony of these disinterested witnesses was competent and unimpeached by cross-examination. We consider it sufficient to prove the occurrence of an accident to the petitioner that arose out of and in the course of his employment. It was correct therefore, under these circumstances, for the reviewing Court of Common Pleas to remand the cause to the Bureau for an ascertainment of the extent of the injury and the amount to be awarded the petitioner. *Cf. Rubeo* v. *Arthur McMullen Co.,* 117 *N. J. L.* 574, 580; 189 *Atl. Rep.* 662.

The judgment of the Pleas will be affirmed, and writ of *certiorari* dismissed, with costs.