New Jersey Department of Labor,
Workmen's Compensation Bureau.

COLUMBO DEL FIACCO, PETITIONER, v. FEDERAL SHIP-
BUILDING AND DRYDOCK COMPANY, RESPONDENT.

Decided August 30. 1944.

For the petitioner, *Avidan & Adivan (Samuel Avidan)*.

For the respondent, *Lindabury, Depue & Faulks (Andrew Lawrie)*.

The petitioner testified that on February 22d. 1944, he was employed by the respondent company; that on that day he had taken a bus to report to work at Port Newark for the

respondent company; that this bus drove through a gate leading from the street onto the private premises of the respondent, at which point he stepped off the bus and then proceeded to walk in the direction of another gate to commence work for the day, when, after a short distance, he was struck by another Public Service bus that had been using the private grounds of the respondent as a terminal. The accident occurred within approximately one-half hour of his actual starting time for work for that day. Petitioner was injured in the right lower back and right leg. He had received approximately eleven treatments by Dr. DeFronzo extending over a period of approximately six weeks. The petitioner's wages were in excess of $30 per week, establishing a compensation rate of $20 per week.

There was further testimony on behalf of the petitioner which was admitted by the respondent, that the bus had used the terminal on the private grounds of the respondent for the purpose of loading and unloading passengers.

The report of Dr. DeFronzo on behalf of the petitioner was offered in evidence by consent of both parties indicating a charge of $22 for eleven treatments and an estimate of permanent disability of 15-17½% of partial total disability for the sacro-iliac and myositis condition.

For the respondent there was testimony by Ronald McGregor confirming the fact that the bus had used the terminal on the private grounds of the Federal Shipyards; that the terminal was built in the main for the convenience of the employees of the yard and that any employee traveling by bus to approach the yard of the employer had to pass through this terminal to report for work. He further testified that this Public Service bus entered the private grounds of the respondent through one gate, then discharged the passengers at the terminal, and then was obliged to proceed through another gate to leave the respondent's premises. He stated that sometimes sailors and other individuals working in the neighborhood would board the buses, and discharged on the respondent's grounds.

Dr. Keeley, an osteopath, testified for the respondent that he had rendered first aid to petitioner; that he found some

injury in the region of the right lower buttock, found no objective symptoms of injury. On cross-examination he stated that the loading platform was on the property of the respondent and that at times some British sailors from the channel some 300 feet away would sometimes come through the gate and use the bus in question.

For the respondent the report of Dr. Beling was offered in evidence in lieu of his testimony indicating an estimate of permanent disability of 5% of partial total disability.

At the conclusion of the case respondent's attorney then made a motion for dismissal on the grounds that petitioner failed to prove a compensable accident.

The important question here at issue, apart from the controversy as to the extent of permanent disability, was whether or not the petitioner had sustained an accident arising out of and in the course of his employment. More specifically the important question is whether or not the petitioner was in the course of his employment at the time of the accident.

Admittedly the petitioner sustained an accident on the private grounds of his employer within a short time or approximately one-half hour of his commencement of work after he had left a Public Service bus which was using the private grounds of the respondent for the purpose of loading and unloading passengers. The bus terminal was permitted by the respondent primarily for the convenience of its employees. From the bus terminal the petitioner was proceeding in the direction of another main gate on the private grounds of the employer to go to his place of actual work.

From the facts of this case it appears that this petitioner was still within the zone of his employment at the time of the accident. The term "employment" as used in the Workmen's Compensation Act, N. J. S. A. 34:15-1, et seq., is not to be construed so as to be co-extensive in time or place with the actual working hours or place of actual work. *Grady* v. *Nevins Church Press Co.,* 120 *N. J. L.* 351; 199 *Atl. Rep.* 578, 580; *Terlecki* v. *Strauss,* 85 *N. J. L.* 454; 89 *Atl. Rep.* 1023; affirmed, 86 *N. J. L.* 708; 92 *Atl. Rep.* 1087; *Alberta Contracting Co.* v. *Santomassimo,* 107 *N. J. L.* 7; 150 *Atl. Rep.* 830; *Bolos* v. *Trenton Fire Clay and Porcelain Co.,*

102 *N. J. L.* 479; 133 *Atl. Rep.* 764; *affirmed,* 103 *N. J. L.* 483; 135 *Atl. Rep.* 915; *Rubeo* v. *McMullen Co.,* 117 *N. J. L.* 574; 189 *Atl. Rep.* 662; *affirmed,* 120 *N. J. L.* 182; 198 *Atl. Rep.* 843; *Fennimore* v. *Union Construction and Hold-ing Co.* (*Workmen's Compensation Bureau*), 22 *N. J. Mis. R.* 33; 35 *Atl. Rep.* (*2d*) 32.

This rule of law has likewise been applied by the United States Supreme Court in the case of *Cudahy Packing Co.* v. *Parramore,* 263 *U. S.* 418; 44 *S. Ct.* 153, which case has been cited with approval in our New Jersey cases, wherein the court said:

"The employment contemplated his entry upon and departure from the premises as much as it contemplated his working there, and it must include a reasonable interval of time for that purpose."

The Court of Errors and Appeals in the Grady case, *supra,* stated the rule as follows:

"It is evident that we do not hold that an accidental injury to be compensable must occur within a period of time co-extensive with the contract for the given and customary hours of labor. The protection of the statute goes further than that and includes terms reasonably incidental to the term of employment and which attach to it with the express or implied consent of the employer."

In cases involving accidents to employees on their way to work, one of the important tests is whether or not the accident occurred on the employer's premises. This rule has been more fully stated as follows:

"In appying the rule that the employment is not limited by the exact time when the workman reaches the scene of his labor and begins it nor when he ceases, but includes a reasonable time, space, and opportunity before and after, while he is at or near his place of employment, one of the tests is whether the workman is still on the premises of his employer." 1 *Honnold on Workmen's Compensation* 368.

Guided by the rules above quoted, the accident in question is clearly compensable.

The respondent in disputing the compensability of this claim relies upon two cases, *Grady* v. *Nevins Church Press*

*Co., supra,* and *Gullo* v. *American Lead Pencil Co.,* 119 *N. J. L.* 484; 196 *Atl. Rep.* 438, 439. In both of these cases the employee met with an accident before commencing work but on the sidewalk in front of the employer's building premises. In the Grady case the petitioner walked up the apron of a driveway onto the sidewalk, the driveway being intended for use by vehicles, but for our purposes we may consider both of these cases of the same nature. These two cases are distinguished from the case at issue for the reason that in the Gullo and Grady cases the injury occurred upon the sidewalk and the right of the public to the use of that sidewalk is greater than the right of the employees of the respondent. This is the distinguishing feature of these two cited cases from the case under discussion. Said the court in the Gullo case: "The street was a public highway on which the public in general had the paramount right of user and this of course included the sidewalk." In the case at issue the public did not have the paramount right of using the premises where the accident occurred. The accident occurred on the private grounds of the employer. The public had no paramount right to the use of the premises where the accident occurred. At best the premises were used only by such other persons who were given a license thereto. The owner of property fronting on a street is required under the law to maintain a sidewalk for public use. The rights of the public to the use of that sidewalk are greater than the rights of the owner adjacent thereto.

An added reason which may be given for holding this case compensable is that the employer was responsible for bringing onto the premises the instrumentality or the agency, namely, a bus, which caused the accident. The employer has thus increased the hazard of the employee's approach to his actual place of work and to that extent became responsible therefor.

In accordance with the foregoing I do therefore find and determine:

1. That the petitioner did sustain an accident on February 22d, 1944, arising out of and in the course of his employment with the respondent.

2. That the petitioner as a result of said accident is entitled to compensation for temporary disability for the period of six weeks from the date of said accident, less one week waiting period, at the compensation rate of $20 per week.

3. That the petitioner is entitled to compensation for permanent disability based upon 10% of partial total disability.

\*        \*        \*        \*        \*        \*        \*

It is further ordered that judgment shall be entered in favor of the petitioner and against the respondent in accordance with the foregoing.

HARRY S. MEDINETS,
*Deputy Commissioner.*