LEHIGH VALLEY RAILROAD COMPANY v. HENRY McFARLAND.

1. Costs are the creature of the statutes and are not recoverable unless by force of a statute, and the allowance of them in any case will depend upon the terms of the statute.

2. A court of error gives costs according to the statutes. The statute which allows this court to award costs in its discretion, applies only to appeals, and does not extend to writs of error, and there being no statute giving costs in error on a reversal of the judgment below, costs in error are not recoverable on a judgment of reversal.

3. The thirty-fourth rule of this court, which provides that "the prevailing party shall be considered as recovering costs in this court, * * * unless the court shall, in express terms, adjudge to the contrary," applies only to cases where costs are recoverable by statute or are in the discretion of the court.

Lehigh Valley Railroad Company v. McFarland.

4. Whether costs in the court below shall follow on a reversal on error, will depend upon the kind of judgment the court in error shall give.

5. The court, on a writ of error, is not restricted to a general affirmance or reversal, and may, on a reversal of a judgment, give a new judgment in favor of the plaintiff in error, or award a *venire de novo*, as the justice of the case may require.

6. If the whole merits of the case are fully and finally determined by the decision of the court in error, the court will finally decide the controversy by giving such a judgment in favor of the plaintiff in error, as should have been given in the court below. If the judgment is not reversed upon the whole merits of the case, but upon some collateral or incidental point not involving the substantial grounds of the litigation, or covering the whole case, the court, in reversing the judgment below, will simply direct a *venire de novo*, in order that the case may be put on a retrial upon the merits.

7. Where the judgment below is reversed, and the court in error also gives a judgment such as ought to have been given below, the effect of such a judgment is to give to the plaintiff in error the costs of suit in the court below; for he would have had costs in that court if a proper judgment had been pronounced there in the first instance. But the plaintiff in error is not entitled to costs in the court below, unless in addition to a reversal he obtains also, by the decision of the court in error, a final judgment in his favor.

8. Where a judgment is reversed on errors assigned upon exceptions to the judge's charge on matters which do not embrace the merits of the whole case as between the parties, a simple reversal with an award of a *venire de novo* is the proper judgment. Upon such a judgment, the plaintiff in error is not entitled to costs in this court, nor to a judgment in this court for costs in the court below.

In the matter of costs.

McFarland, the plaintiff below, recovered a judgment in the Supreme Court in this suit upon the verdict of a jury. This judgment was removed to this court by a writ of error, sued out by the Lehigh Valley Railroad Company, the defendant below, and was reversed. The judgment was reversed on errors assigned to the charge of the judge at the trial. *Lehigh Valley Railroad Co.* v. *McFarland*, 14 *Vroom* 605.

The judgment of reversal was entered with costs of suit in this court to be taxed, and adjudging that the plaintiff in error should recover his costs in the Supreme Court, to be

taxed, with a *remittitur* of the record to the Supreme Court, to be proceeded with in accordance with the practice of said court. Under this judgment of *remittitur*, costs on error in this court, and costs in the Supreme Court, together with the costs at the trial, were taxed in favor of the plaintiff in error. Application is now made by the defendant in error to correct the entry of the judgment of this court.

For the defendants in error, *H. C. Pitney*.

*Contra, T. N. McCarter*.

The opinion of the court was delivered by

DEPUE, J. At common law there was no such thing as costs of suit; and no person, whether plaintiff or defendant, was entitled to costs of suit in any action, real, personal or mixed. It seems that in early times, before any statute on the subject was passed, the justices in Eyre were wont, at their *iters*, to give a plaintiff who had prevailed a reasonable sum beyond the damages, not as costs of suit, but as an allowance *ex gratia* for the expenses of the suit. *Hull. Costs* 3; *Gilbert C. P.* 210, 214.

The first statute on the subject was the statute of Marlbridge, (52 *Hen. III., c.* 6,) which gave to the defendant his damages and his costs of suit in a writ of right of ward, where the suit was malicious. 2 *Inst.* 109, 112. Then followed the statute of Gloucester, (6 *Edw. I., c.* 1,) which by construction gave to the plaintiff or demandant costs in all cases where he recovered damages. *Gilbert C. P.* 215; *Hull. Costs* 4; 3 *Steph. Com.* 638.

With the exception of the one instance provided for by the statute of Marlbridge, costs were not allowed to the defendant until the statute of 23 *Hen. VIII., c.* 15. By that statute costs were given to the defendant if successful in the suit in all cases where the plaintiff would have had costs if judgment had been in his favor. *Hull. Costs* 124; 3 *Steph. Com.* 638.

The recovery of costs having been provided for by statute, it became the settled doctrine of the courts of law that costs were the creatures of the statutes, and were not recoverable unless by force of a statute, and the allowance of them in any case would depend upon the terms of the statute. *Hull. Costs* 6; *Metler* v. *E. & A. R. R. Co.*, 8 *Vroom* 222; *Apperson* v. *Mutual Benefit Ins. Co.*, 9 *Id.* 388, 390.

There were no costs in a writ of error at common law. 3 *Hen. VII.*, c. 10, was the first statute which mentioned costs in error. It gave costs to the defendant in error where the judgment below was affirmed, or the writ was discontinued, or the plaintiff in error was nonsuited. 13 *Car. II.*, c. 2, gave the defendant in error double costs in case the judgment below was affirmed, and 4 *Anne*, c. 16, gave the same costs in case the writ of error was quashed. These statutes entitled defendants in error to costs only where the writ of error was sued out by the defendant below, and this defect was not supplied until 8 and 9 *Wm. III.*, c. 11, which gave costs in error to the defendant below on the affirmance of the judgment or the discontinuance or *non pros.* of a writ of error sued out by the plaintiff below. *Hull. Costs* 279, 281. These statutes were substantially re-enacted in this state as sections 10, 11 12 of the act of February 18th, 1795, (*R. L.* 170), and have been retained in substance in the subsequent revisions (*Rev.*, p. 411,) and are all the legislation there is on the subject. A court of error gives costs according to the statutes. *Middleton* v. *Crofts, Andr.* 58. There being no statute giving costs in error on a reversal of the judgment below, no costs are recoverable on account of the error. *Hull.* 294; *Wyvil* v. *Stapleton*, 1 *Stra.* 615; 2 *Saund.* 101 *dd*; *Fisher* v. *Bridges*, 4 *E. & B.* 666.

The thirty-fourth rule of this court, which provides that "the prevailing party shall be considered as recovering costs in this court, in which shall be included costs of printing, unless the court shall, in express terms, adjudge to the contrary," (*Dick. Ch. Prac.* 76), has not altered the law in this respect. It is a rule simply of convenience, and applies only to cases

where costs are recoverable by statute, or are in the discretion of the court. The statute which provides that it shall be in the discretion of this court to award costs or not in cases of the appeal from the decree or order of the Chancellor, (*Rev.*, *p.* 215, § 13,) is not extended to writs of error.

The judgment in this case is irregular and unwarranted so far as regards the award of the costs in error.

Whether costs in the court below shall follow on a reversal in error, will depend upon the kind of judgment the court in error shall give. The court is not restricted to a general affirmance or reversal, and may, on a reversal of the judgment below, give a new judgment in favor of the plaintiff in error, or award a *venire de novo*, as the justice of the case may require. If the whole merits of the case are fully and finally determined by the decision of the court above, the court will finally decide the controversy by giving such a judgment in favor of the plaintiff in error, as should have been given in the court below. On the other hand, if the judgment is not reversed upon the whole merits of the case, but upon some collateral or incidental question not involving the substantial grounds of the litigation or covering the whole case, the court, in reversing the judgment below, will simply direct a *venire de novo*, in order that the case may be put on a retrial upon the merits. The authorities on this subject have been so fully discussed by Hornblower, C. J., in *Garr* v. *Stokes*, 1 *Harr.* 403, and by the court in *Garr* v. *Gomez*, 9 *Wend.* 674, 677, that further discussion is unnecessary. *State, Hoxsey, pros.*, v. *City of Paterson*, 11 *Vroom* 186, is the latest precedent in this court of a judgment of reversal with a new judgment in favor of the plaintiff in error. In that case, the reversal embraced the whole merits of the case, and finally disposed of the litigation. *Bourne* v. *Gatliffe*, 11 *Cl. & Fin.* 45, is a precedent of like import in the House of Lords.

Where the judgment below is reversed, and the court in error also pronounces the judgment which ought to have been given below, the effect of such a judgment is to give to the plaintiff in error the costs of suit in the court below; for he

would have had costs in that court if a proper judgment had been pronounced there in the first instance. *Mackersy* v. *Ramsays*, 9 *Cl. & Fin.* 818; *Adams* v. *Moredew*, 3 *Y. & J.* 419; *Evans* v. *Collins*, 9 *Jur.* 640. But the plaintiff in error is not entitled to costs in the court below unless, in addition to a reversal, he obtains also, by the decision of the court in error, a final judgment in his favor. *Gosling* v. *Acker*, 2 *Hill* 391.

*Gildart* v. *Gladstone*, 12 *East* 668, and *Bell* v. *Potts*, 5 *Id.* 49, aptly illustrate this distinction. In Gildart *v.* Gladstone, a special verdict was found, stating the facts, and finding in the alternative, according as the court should be of opinion, that the verdict and judgment ought to be for the plaintiff or the defendant. The Court of Common Pleas gave judgment for the plaintiff. This judgment was reversed on error to the King's Bench. The writ of error brought up to the King's Bench the whole merits of the case, for on a special verdict the court must give an affirmative judgment either for the plaintiff or for the defendant. The King's Bench, on reversing the judgment of the Pleas, gave a new judgment in favor of the plaintiff in error, the defendant below, such as the court below ought to have given, and gave the plaintiff in error costs in the court below, for the reason that if the plaintiff in error had recovered such a judgment in the court below as he ought to have had, he would also have had costs in that court. In Bell *v.* Potts the action was in the Common Pleas upon a policy of insurance. At the trial there was a verdict for the plaintiff. A bill of exceptions was taken at the trial, upon which a writ of error was brought to the King's Bench, and the judgment reversed. Costs in the court below were taxed in favor of the plaintiff in error as if he had obtained a verdict and judgment below. The taxation was set aside and the costs disallowed, on the ground that the judgment of the court in error was not in favor of the defendant below, but merely that the judgment for the plaintiff should be reversed, and therefore no costs could be allowed the defendant below, within any of the statutes granting costs.

In the case now before the court, the judgment of the Supreme Court was reversed for errors occurring at the trial, brought up by bills of exception to the charge of the court. They were not such matters as embraced the merits of the whole case as between the parties. *Non constat* that the plaintiff in error would have had a verdict if the judge had instructed the jury as this court thought he should have done. The case, therefore, was one for a simple reversal, with an award of a *venire dè novo*. Upon such a judgment the plaintiff in error is not entitled to costs in this court, nor to a judgment that he recover his costs in the court below. Judgment of reversal, with an award of a *venire de novo*, should have been entered without any mention of costs, and the entry of the judgment should be amended accordingly.

The practice appearing to have been somewhat unsettled, the amendment may be made without costs.

The whole court concurred.