MUTUAL CHEMICAL COMPANY OF AMERICA, PROSECUTOR, v. ROCCO MINNITI ET AL., RESPONDENTS.

Submitted October 4, 1938—Decided December 30, 1938.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *George T. Vickers.*

For the respondents, *Edward A. Markley, Patrick F. McDevitt* and *Chazin & Chazin.*

The opinion of the court was delivered by

CASE, J. The review is of an order made in the Hudson Common Pleas on June 13th, 1938, but it turns largely upon the legal effect to be given a letter earlier sent by the Common Pleas judge to counsel for the parties. The suit is on a claim under the Workmen's Compensation statute. The bureau, after hearing, found, on November 17th, 1937, that there was a partial permanent disability. The employer appealed to the Hudson Common Pleas with that as the sole question at issue. Following the oral argument prosecutor submitted a written memorandum to the Common Pleas Court wherein it contended that it was the duty of the claimant, before the bureau, to present himself "on the question of subjective symptoms." The next event in the cause was the letter mentioned above, sent by the Common Pleas judge to counsel for each side and filed in the clerk's office of the county of Hudson, stating: "I have determined that the point raised by the respondents' counsel is well taken. The case will therefore be remanded to the bureau in order to give the petitioner an opportunity to testify and the respondent a chance

to cross-examine, with leave to either side to put in supplemental proof. In other words, the case is remanded and reopened for all purposes." The parties then went back to the bureau where the claimant and other witnesses were examined and, on May 10th, 1938, the finding of November 17th, 1937, was reaffirmed. Thereafter the Common Pleas Court made the determination of June 13th, 1938, reciting that "whereas this court has duly considered the transcript and record of this case, as well as the additional testimony which was taken by agreement pending the appeal, and has found that the petitioner was injured in the manner and to the extent found by the referee below, and that the additional testimony has in no way added to or detracted from the original record and determination of the referee in this case," and thereupon proceeding to repeat the findings of the bureau in the precise words of the determination by the bureau to which was added an award of counsel fee to the attorneys for the workman.

The position taken by the prosecutor before us is that the letter was the final disposition of the appeal and was in prosecutor's favor, that the determination made by the bureau on May 10th, 1938, is the final disposition of the cause, that that was not appealed from, that the Pleas had no jurisdiction to enter its determination of June 13th, 1938, and that the whole of that determination, including the allowance of counsel fee, is erroneous for lack of jurisdiction.

Inasmuch as the prosecutor was the appellant, that is to say, the moving party in taking the cause from the bureau to the Pleas, and if, as it asserts, it prevailed on the appeal, then clearly it was obligated to see to it that a determination was made by the Pleas in accordance with the practice. It seems to us that the letter written by the judge was not and was not intended to be a formal determination, that it was merely the opinion of the court regarding a step incidental to the appeal, and that if on the contrary the fact was that the appeal was then being concluded a formal determination should have been entered to that effect. As the record stands the only determination entered on the appeal is the one now

under review. If there is doubt as to the significance of the procedure, the fault appears to lie with the prosecutor and it can hardly hope to be advantaged by its own fault. Further, the determination under review recites that the additional testimony "was taken by agreement pending the appeal." We are constrained, particularly in the absence of a contrary record, to give effect to that statement by the court.

It has been held by this court that the statute does not prohibit the Court of Common Pleas from sending back to the Workmen's Compensation Bureau a case for rehearing on its merits where the hearing before the compensation bureau had been upon the question of the jurisdiction of the compensation bureau to entertain the petition for compensation (*Jayson* v. *Pennsylvania Railroad Co.*, 101 *N. J. L.* 159), and that it is not error for the Court of Common Pleas to remit a cause to the compensation bureau for the latter to take additional proofs and to make a more specific finding and determination of the issues involved. *Rubeo* v. *McMullen Co.*, 117 *Id.* 574. It is not clear to us that those cases reach the present issue. Nevertheless in the instant case the prosecutor stands before us, by the court's certification, as one who agreed to, and entered upon, the course of procedure which terminated in the determination under review. Consequently, however inartistic and lacking in technical accuracy the procedure may have been, we find in it no reason for reversal. It is also to be noted that reliance is had in prosecutor's brief upon proofs that were submitted on the application for rule to show cause and that no longer have evidential force. *Remington* v. *Lauter Piano Co.*, 11 *N. J. Mis. R.* 827.

The determination will be affirmed, and the writ of *certiorari* dismissed, with costs.