WILLIAM J. HAWTHORNE, PETITIONER-DEFENDANT, v.
VAN KEUREN & SON, RESPONDENT-PROSECUTOR.

Argued October 9, 1941—Decided December 29, 1941.

Before Brogan, Chief Justice, and Justices Case and Heher.

For the petitioner-defendant, *John A. Laird* and *David Roskein*.

For the respondent-prosecutor of the writ, *Drewen & Nugent (John Drewen* and *Frederick M. Rollenhagen)*.

The opinion of the court was delivered by

Case, J. William J. Hawthorne was employed by Van Keuren & Son as a yard man at $25.20 a week. On July 10th, 1936, he was injured by being squeezed between a truck and a beam resulting in physical injuries consisting of an abrasion of the left thigh, of the left side of his chest and of the right arm. There were no objective symptoms at that

time of extensive trauma. Medical testimony from a witness produced by the prosecutor discloses that a month later the functioning of Hawthorne's legs was normal—"he had no functional disability." The evidence is undisputed that Hawthorne had never theretofore consciously had any trouble with his hips or legs. Hawthorne never returned to his earlier employment but at an unfixed date, perhaps a year later, took employment as a bartender at $15 a week and is still so employed. Just when he began to experience the symptoms which he now manifests does not clearly appear, but his complaint is chiefly with his left hip and left leg, the use of which is impaired and which, when he takes certain positions, are apt to give way and in which he experiences occasional pain. The employer made no compensation payments except $16.80 for temporary disability. On April 13th, 1938, Hawthorne filed his petition for compensation with the Bureau. The petition is in the usual form, is entitled "Claim for Compensation," gives the facts of the employment, the accident, the notice, the immediate stoppage of work, the alleged nature of the injuries, the rate of wage, and so on, states that he was well enough to work again "sometime thereafter," and prays that the Bureau "will determine the amount of compensation due" to the petitioner.

The deputy commissioner certified that the only question submitted to him was the extent of the permanent disability, and upon that he found that the petitioner had sustained an aggravation of a pre-existing condition to which the accident had contributed and that the petitioner was entitled to compensation for permanent disability at five per centum of total. From that judgment the petitioner appealed. The Hudson County Court of Common Pleas held on the appeal that the petitioner's permanent disability was thirty per centum of total and referred the question of temporary disability back to the Department of Labor to the end that the Bureau might fix and determine the amount of temporary disability suffered by the petitioner. The parties appeared before the Bureau and tried out the question of temporary disability; and the deputy commissioner filed his determination and rule for judgment from which we understand there has been no appeal.

The record is now before us on the employer's writ of *certiorari* to review, in the light of the record, the judgment in the Pleas.

Prosecutor argues two points: First, that there is no evidence to warrant the increase for partial permanent disability from five per centum to thirty per centum of total; second, that the Court of Common Pleas had no authority to send the case back to the Bureau to ascertain the facts with respect to, and to make a finding on, temporary compensation.

There was, in our view, evidence to sustain a finding of thirty per centum total disability. One of the petitioner's medical witnesses found the man's disability to be thirty-five per centum of total, included within which was a twenty-five to thirty per centum of total due to the hip condition. Another such witness placed the total disability, the combined result of spine and hip, at thirty-five per centum of total. It is the consensus of medical opinion that there was a pre-existing arthritis condition; but the great weight of the testimony is to the effect that the ailment was not, prior to the accident, of such a degree that it was disabling (*Kolesnik* v. *Irvington Varnish and Insulator Co.*, 120 *N. J. L.* 8) or that the petitioner was conscious of it. There is substantial testimony to support a finding that at least the hip and thigh condition is the result of the accident weighted upon an existing general arthritis that likely would never have become acute at that point except for the accident. The right hip and leg, which were not involved in the injuries, are not affected. The X-ray pictures taken April 5th, 1938, clearly show the destructive process in progress at the left hip joint. The condition is convincingly described in the testimony concerning the films; a determination of what that condition is due to requires the evaluating of conflicting views. The weight of the printed record bears in favor of the petitioner. The deputy commissioner had the advantage of seeing and hearing the witnesses, but we have no direct expression from him regarding matters visible to his eye and not shown on the printed page. There is no doubt that the petitioner does suffer from partial permanent disability caused by the accident. The determination in the Bureau, which the prosecu-

tor of the writ seeks to sustain as against the finding in the Pleas, so finds. The disputed question is merely one of the degree. We are unwilling to disturb, upon the presentation here made, the judgment under review.

Whatever the view of counsel and of the deputy commissioner may have been, the true issue in the case has at all times been whether or not compensation under the statute is due and, if so, how much. Counsel for the employer informed the deputy commissioner that the only question was that of permanent disability. When counsel for the petitioner was in the midst of expressing a dissentient view counsel for the employer asserted that there was no claim in the petition for anything but permanent disability. In the latter suggestion counsel for the petitioner acquiesced, and the deputy commissioner was guided accordingly. But we find no such narrow application in the petition. The misconception of counsel, or even of counsel and the deputy commissioner, as to the objective of such a proceeding, or as to the statutory procedure, will not prevent a correction and a restoration of the case to its proper status to the end that the compensation which ought, under the statute, to be paid will be paid. *Cf. P. Bronstein & Co., Inc.,* v. *Hoffman,* 117 *N. J. L.* 500. That the question of temporary disability should have been examined into and determined is apparent from the fact that such an award was made after the hearing on the referred question. Inasmuch as the judgment of the Bureau was under appeal before the Court of Common Pleas, we consider that the Pleas was within its jurisdiction in remanding the case to the Bureau for the disposition of a question that was properly an issue and that had not been heard or determined.

The judgment below will be affirmed, with costs.