BERNARD HOPLER, PETITIONER-APPELLANT, v. HILL CITY COAL & LUMBER CO., RESPONDENT-RESPONDENT.

Argued October 9, 1950—Decided October 30, 1950.

*Mr. John A. Laird* argued the cause for the appellant (*Mr. David Roskein,* attorney).

*Mr. Isidor Kalisch* argued the cause for the respondent (*Mr. Stanley U. Phares,* attorney).

The opinion of the court was delivered by

BURLING, J. This is a workmen's compensation case. Certification was granted by this court, pursuant to an application therefor by the petitioner employee, to review that part of a judgment of the Superior Court, Appellate Division, affirming a judgment of the Union County Court which had reduced the quantum of an award of the Division of Workmen's Compensation of the New Jersey Department of Labor and Industry, for increased partial permanent disability from 40 per cent to 25 per cent. A petition for certification by the respondent employer, to review the judgment of the Appellate Division in other particulars, was denied.

The sole question for determination on this appeal relates to the propriety of the Appellate Division's affirmance of the County Court's reduction of the award for increased partial permanent disability from 40 per cent to 25 per cent.

The pertinent facts, so far as they are relevant to a determination of the present appeal, are as follows: The petitioner originally sought compensation upon the allegation that on July 3, 1940, while in the employ of the respondent, he sustained permanent injuries to his abdomen and back as a result of an accident arising out of and in the course of his employment. On December 16, 1941, the Workmen's Compensation Bureau determined that the petitioner had proved his claim and awarded compensation for temporary disability and for permanent disability of 30 per cent of total disability. The amounts so awarded were paid by the respondent, the last payment thereunder being made on March 9, 1944. On

March 7, 1946, within two years from the date the petitioner last received a payment, the petitioner filed a claim petition with the Workmen's Compensation Bureau of the New Jersey Department of Labor, alleging that permanent injuries had resulted to his abdomen, back, limbs and body, and that he had suffered an increase of disability beyond that for which he had received an award under the 1941 judgment. *L.* 1911, *c.* 95, as am. *L.* 1913, *c.* 174, *L.* 1919, *c.* 93 and *L.* 1931, *c.* 279 (*R. S.* 34:15–27) permits such a review. The pertinent part of the statute provides that "A formal award may be reviewed within two years from the date when the injured person last received a payment, upon the application of either party on the ground that the incapacity of the injured employee has subsequently increased." At the hearings on the 1946 petition, the testimony was limited to that of the petitioner, his wife, Dr. Heyman and Dr. Briggs. The petitioner testified with respect to his alleged increased incapacity and his testimony was, in general, supported by that of his wife. Dr. Heyman, a physician who had examined the petitioner on several occasions subsequent to the filing of the petition in 1946, testifying for the petitioner, estimated the petitioner's present disability at 75 per cent of total disability but he did not express any opinion, predicated upon a hypothetical question or otherwise, as to the amount of increased disability since the 1941 award. Dr. Briggs, a witness for the petitioner, testified that, in his opinion, the petitioner's disability had increased from 40 to 45 per cent of total disability in 1941 to around 70 per cent in 1948 and that he attributed this increase in percentage of total disability to the accident and its *sequelæ.* The respondent, while denying in its answer that the petitioner's disability had increased as alleged, did not introduce any testimony, medical or otherwise, at the hearings. On May 17, 1949, pursuant to the hearings held on the last mentioned petition, the Division of Workmen's Compensation of the New Jersey Department of Labor and Industry, determined that the petitioner had suffered an increase in his disability flowing out of the adjudicated accidental

occurrence, and that such increase amounted to 40 per cent of permanent disability. On appeal to the Union County Court the increased award was, on September 13, 1949, reduced to 25 per cent. The County Court, in arriving at its decision, said: "I have carefully considered all the evidence and have given due weight to all the factors including the fact that the man's injury to his abdomen is no longer a factor in this case, and have concluded that there should be an award of 25 per cent increased total permanent incapacity due to the accident and its *sequelæ.*" The Appellate Division, on March 1, 1950, affirmed the judgment of the Union County Court, in all respects, except as to counsel fees, and in so doing stated: "As we understand the testimony of Dr. Briggs the increased disability was twenty-five to thirty per cent. This was the only medical testimony which compared the petitioner's condition in 1941 with his present condition and the County Court properly declined to sustain the Bureau's award for a greater amount."

The present appeal is addressed to the propriety of the Appellate Division's affirming the Union County Court in this particular. The sole argument of the petitioner proceeds along the vein that at the hearing of the application for additional compensation, based upon increased disability, Dr. Briggs, a witness for the petitioner, testified that in his opinion the petitioner's current disability was 70 per cent of total disability; that there was no contradictory testimony offered by the respondent; that the 1941 award fixing partial permanent disability of 30 per cent is *res judicata* of the extent of disability at that time; that the increased disability must be measured by the difference between the original judgment of 30 per cent and the present disability, estimated by Dr. Briggs to be 70 per cent; and that since such difference is 40 per cent a judgment for increased disability in the latter amount must necessarily follow.

We are not in accord with the petitioner's reasoning and the conclusion reached by him. We agree that the 1941 award is final and conclusive as to all questions of law and

fact comprehended by that determination, including those involving the right to compensation and the nature and extent of the existing disability. Such a determination is *res judicata,* subject only to a reopening of the judgment, a correction on appeal, and the authority of the Division of Workmen's Compensation of the New Jersey Department of Labor and Industry, formerly designated as the Workmen's Compensation Bureau of the New Jersey Department of Labor, under *R. S.* 34:15–27, to review its adjudication and to modify the award of compensation to accord with an after-occurring increase or diminution of the disability which flows from the established compensable injury. This proposition is established by our cases on the subject. *Tucker v. Frank J. Beltramo, Inc.,* 117 *N. J. L.* 72 (*Sup. Ct.* 1936); affirmed, 118 *N. J. L.* 301 (*E. & A.* 1937); *Cirillo v. United Engineers & Constructors, Inc.,* 121 *N. J. L.* 511 (*E. & A.* 1939). It is also established that the continuing jurisdiction of the former Workmen's Compensation Bureau of the New Jersey Department of Labor, now known as the Division of Workmen's Compensation of the New Jersey Department of Labor and Industry, is limited to a review of the disability, insofar as it may have subsequently increased or diminished, and this is the only proper subject of review under *R. S.* 34:15–27. *Tucker v. Frank J. Beltramo, Inc., supra.* It is further established that "A claim of increase or decrease of disability is grounded in the comparative condition and ability of the workman and, to prevail, must be supported by proofs which permit comparison." *Cirillo v. United Engineers & Constructors, Inc., supra.* In the *Cirillo case,* it was also said, at *page* 514:

"We think that opinion evidence of present disability based only upon existing physical or mental condition standing alone, is not competent to sustain a finding on the relative fact of an *increase* or a *decrease* in disability. To make such testimony competent for that purpose the witness should at least be informed from his own knowledge, made manifest, or from proofs *aliunde* incorporated into a question, what the workman's condition was at the time when the court rated it at a fixed partial permanent disability. The use of the word 'increase' or of the word 'decrease' connotes two states of physical

condition, one which was and one which is, and there must be knowledge of each state in order to support a conclusion that the present condition marks an increase or a decrease."

It is manifest from the foregoing that an increase in an award must be predicated upon a comparison of two conditions and cannot be grounded solely upon an estimate of the injured person's present degree of disability.

With a consideration for the foregoing principles we turn our attention to the pertinent medical testimony on which the present appeal is premised. Dr. Briggs was the only physician acquainted with the petitioner's physical condition as it was at the time of the 1941 award and as it was at the time of the subsequent hearings in 1948 who testified as to the comparative conditions. In referring to the petitioner's physical condition as it existed in 1941, the doctor testified, "At that time I felt he had a disability of forty to forty-five of total." He was then asked, "And today, Doctor?" to which he replied, "I think he is around seventy." The following question and answer then ensued: "Q. In your opinion, this difference between forty to forty-five and seventy represents an increase in the disability? A. That's right." The effect of the doctor's testimony that the petitioner is presently "around seventy" per cent disabled is not, of itself, proof of the percentage of increase in the petitioner's incapacity. It is necessary that the estimate of the extent of the present disability be related to the petitioner's disability at the time of the previous award. While the 1941 determination fixing the petitioner's disability at 30 per cent is *res judicata*, it is noted that Dr. Briggs did not compare his present estimate of disability with the percentage of disability which was determined to be existing in 1941. Accordingly the only medical testimony relating to the comparative physical condition of the petitioner was to the effect that the difference between 40 to 45 per cent, being Dr. Briggs' estimate of disability in 1941, and 70 per cent, being Dr. Briggs' estimate of disability in 1948, represents the increase in disability. This testimony is construed to mean that in the

opinion of Dr. Briggs the increased disability was 25 to 30 per cent. Since the sole question involved on this appeal, pursuant to the grant of certification, is the extent of the increase of disability as reflected in the medical testimony, and since the only medical testimony in that regard showed a 25 to 30 per cent increase, it follows that there was no medical testimony which would justify an increased award of 40 per cent. The fallacy of the petitioner's position is that he relates the medical testimony of a presently estimated existing disability of 70 per cent to the 30 per cent disability as determined by the previous adjudication, whereas the only medical testimony offered which permits comparison is to the effect that the increased disability amounts to 25 or 30 per cent. Comparison is a *sine qua non*. See *Cirillo v. United Engineers & Constructors, Inc., supra,* and *Licker v. J. G. Martin Box Co.,* 127 *N. J. L.* 136 (*Sup. Ct.* 1941). Nor does such a basis of comparison in any way disturb the *res judicata* effect of the previous award. The previous determination that a 30 per cent disability existed at that time is not affected by the present finding that there has been an increase in disability of 25 per cent. The previously adjudicated award of the Workmen's Compensation Bureau of the New Jersey Department of Labor in 1941 of 30 per cent still serves as the fixed base from which the subsequently increased disability must be calculated after the latter has been determined by evidence which permits comparison. Thus it is concluded that under the only medical testimony in this case which permits comparison the reduction of the award for increased permanent disability from 40 per cent to 25 per cent by the Union County Court and the affirmance of such reduction by the Appellate Division was proper.

Additionally, it is noted that in determining the existence and quantum of increased incapacity a tribunal is not limited to a consideration of medical testimony, and that in the present case the Union County Court properly considered "all the evidence * * * including the fact that the man's injury to his abdomen (upon which the previous award had

been partly based) is no longer a factor in his case &ast; &ast; &ast;&rdquo; and arrived at the conclusion based upon competent evidence that the increased disability of the petitioner is 25 per cent. We find no occasion to disturb the findings of fact by the County Court affirmed by the Appellate Division, on the issue before us of the quantum of the award, although resort to *Rule* 1:2–20(a) is available.

The judgment of the Appellate Division, insofar as it is the subject of this appeal, is affirmed without costs.

Heher, J., concurring in result.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.