11 N.J. Super. 76 (1951)
78 A.2d 109
JAMES GIACCHI, PETITIONER-RESPONDENT,
v.
RICHMOND BROTHERS COMPANY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 18, 1950.
Decided January 2, 1951.
*77 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Walter X. Trumbull argued the cause for petitioner-appellee (Mr. Francis Nunziant on the brief).
Mr. Isidor Kalisch argued the cause for respondent-appellant (Messrs. Kalisch & Kalisch, attorneys).
*78 The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
This is a workmen's compensation case. The employee suffered injuries in an accident on May 17, 1941. His original claim petition eventuated in an award dated November 16, 1943, fixing his permanent disability at 50% of total. His second claim petition, seeking an award for increased disability, resulted in an award made July 27, 1948, based on a finding his permanent disability at that time was 60% of total. His third claim petition, which gave rise to this appeal, sought an allowance for an alleged further increase in disability, and on February 27, 1950, an award was made in the Division of Workmen's Compensation based on a finding his disability was 100%, permanent total. The Essex County Court affirmed by its judgment entered June 22, 1950, from which judgment the employer appeals.
The single question argued is whether the concurring finding of permanent total disability by the Division of Workmen's Compensation and the County Court was supported by sufficient evidence that the employee's incapacity had increased so as to warrant a judgment based on such finding.
While this court will not exercise its discretionary power under Rule 3:81-13 (cf. Rules 1:2-20 and 4:2-6) to overthrow a factual finding separately arrived at in a workmen's compensation case by two independent tribunals and based upon sufficient evidence (Giresi v. E.I. duPont deNemours & Co., Inc., 7 N.J. Super. 41 (App. Div. 1950); Coronato v. Public Service Coordinated Transport, 4 N.J. Super. 1 (App. Div. 1949)), we will reverse when we are satisfied the finding is not supported by sufficient evidence. See Cirillo v. United Engineers & Constructors, Inc., 121 N.J.L. 511 (E. & A. 1938).
The burden of proof of an employee seeking an award for increased disability is not satisfied by proof merely of his present absolute impairment but he must show by sufficient evidence a causally connected increase additional to the impairment adjudicated in the last determination. Cirillo v. *79 United Engineers & Constructors, Inc., supra; Hopler v. Hill City Coal & Lumber Co., 5 N.J. 466 (1950). Our examination of the record here satisfies us the employee did not meet this burden in this case.
Dr. Goldberg was the employee's only medical witness. He had first examined the employee December 11, 1947, after the first award and had expressed his opinion at the hearing on the second petition that the employee's permanent disability was 75% of total. At the hearing on the instant petition he stated his opinion there had been an increase in permanent disability since that time of "approximately" 25% of total, meaning of 25% over the 75% he had testified to at the earlier hearing. He stated, however, that a part of the increased incapacity was attributable to a developing arteriosclerotic condition and a vascular disease neither of which, as he admitted, was causally related to the accident. When pressed to say what part of the 25% increase in disability was attributed by him to the arteriosclerotic and vascular conditions, he testified, "It would be hard to separate that," a "minor part," "I think the majority of it (the increase) is related to the accident and its subsequent effects."
Plainly the doctor affirmatively disclaimed that the increased disability which he found was wholly the consequence of the accident, and thus his testimony was not sufficient evidence to support the finding of the two tribunals that the employee is now permanently totally disabled as a result of the injuries which he received May 17, 1941. The employer cannot be required to bear the burden of any part of that disability not attributable to the accident.
We have noted the comment of the Deputy Director in his findings of fact and determination, "I had an opportunity to observe the petitioner at the time of the hearing and it was obvious that he is a sick man. His voice is shaky, he had tremors of the hand and body, and he sat on the end of the witness chair in apparent discomfort." The Deputy Director had also presided at the hearing on the previous petition. His conclusions from his observations of the employee do *80 not, however, supply the deficiency apparent in the employee's proofs of evidence causally connecting the whole of the awarded increase in disability to the accident.
The employee's case was not aided, we note, by the testimony of the employer's witness, Dr. Kinley, or by the report of Dr. Ehrlich put in evidence by consent. The former testified, "there had been a change for the better" in the employee's condition since the witness' examination of him before the previous award, and the latter stated his opinion to be "there is no increase in his permanent disability."
The evidence is not only insufficient to sustain the finding made, but is also insufficient to sustain a finding of any specific or particular increase in permanent disability causally connected with the accident. While we regret the necessity to remand and would desire to arrive at an independent finding, Rule 3:81-13, we have no recourse in the state of the proofs but to remand for a rehearing and a new determination on the petition filed August 6, 1949.
We point out for the guidance of the Division of Workmen's Compensation that the measure of the causally connected increase, if any, in permanent disability must be expressed in terms of an after-occurring increase additional to the 60% permanent partial disability adjudicated by the determination entered July 27, 1948, and must be based upon evidence which compares the employee's condition at that time with his condition at the present time. Hopler v. Hill City Coal & Lumber Co., supra.
Reversed and remanded to the Division of Workmen's Compensation for rehearing and a new determination on the petition filed August 6, 1949. No costs.