12 N.J. Super. 308 (1951)
79 A.2d 488
JAMES GIACCHI, PETITIONER-RESPONDENT,
v.
RICHMOND BROTHERS COMPANY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 18, 1950.
Reargued March 5, 1951.
Decided March 14, 1951.
*310 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Walter X. Trumbull argued the cause for petitioner-respondent.
Mr. Isidor Kalisch argued the cause for respondent-appellant.
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
We granted a rehearing on the motion of the employer, whose appeal to this court *311 sought reversal of the judgment of the Essex County Court and the entry of judgment in its favor. We reversed, but remanded to the Division of Workmen's Compensation for rehearing and a new determination on the employee's petition filed August 6, 1949. Our decision is reported in 11 N.J. Super. 76 (1951).
We granted the rehearing because the question of whether in the circumstances of this case this court had the power to remand to the Division of Workmen's Compensation for rehearing and a new determination had not been presented at the hearing in this court on the appeal, either in the briefs or on the oral argument.
The employee's petition was for compensation for augmented incapacity. His permanent partial disability had been fixed at 60 per cent under a previous award made July 27, 1948. That award was the predicate of the instant petition which initiated what was essentially a new proceeding based on a new factual situation. Drake v. C.V. Hill & Co., 117 N.J.L. 290 (E. & A. 1936). There was evidence offered by the employee comparing his condition at the time of the previous award with that at the time of the hearing and that evidence was accepted by both the deputy director and the County Court as proof that the employee "suffered a comparative increase of forty per cent of total in permanent disability and has thereby become totally and permanently disabled." The evidence principally relied on was that of Dr. Goldberg, who testified for petitioner both at the hearing which resulted in the previous award and at the hearing in this proceeding. He gave evidence at the earlier hearing that in his opinion the employee's permanent partial disability was then 75 per cent and, with that finding as his base, testified that from that time to the present there had been "an increase of approximately twenty-five per cent of total." His testimony was sharply controverted by that of the employer's medical witnesses. None of the testimony, however, admeasured the increase in terms of an after-occurring addition to the 60 per cent permanent partial disability adjudicated by the earlier determination. Hopler v. Hill City Coal & Lumber Co., 5 N.J. 466 (1950). *312 In addition, Dr. Goldberg admitted that the alleged increase was not entirely causally connected with the accident. In the circumstances, the award, based upon total disability, although concurred in by the two tribunals, could not be sustained on the evidence. In the exercise of our power to make independent findings of fact we could not, in the state of the record, determine any specific amount of increase even if we concluded that the testimony as to increase met the test laid down in the Hopler case.
Nevertheless, the fact that both tribunals were in agreement that an increase in disability had occurred and that the employee was now totally disabled makes it reasonable to suppose, in light of Dr. Goldberg's testimony that a "majority" of the increase was related to the accident and that only a "minor" part was not, that upon further proceedings the employee has a fair prospect that he may be able to establish that he did suffer an increase in incapacity due to the accident. On the whole justice requires that, in the circumstances, there should be a remand. This is not a case where there is a complete absence of proof to support the claim. No case under the Workmen's Compensation Act in which the employee has received an award in the Division of Workmen's Compensation should be determined against the employee upon appeal, either in this court or in the County Court, when it appears, as here, that the employee has what may be a just claim but that sufficient evidence has not been adduced before the deputy director upon which to admeasure the compensation, if any, to which he is entitled. The correct practice in such case is to remand to the Division of Workmen's Compensation for a new determination. Tsoukalas v. Bolton Mfg. Co., 130 Conn. 658, 37 A.2d 357 (Supreme Ct. of Errors, 1944); Annotation, 146 A.L.R. 123. "The misconception of counsel, or even of counsel and the deputy commissioner, as to the objective of such a proceeding, or as to the statutory procedure, will not prevent a correction and a restoration of the case to its proper status to the end that the compensation which ought, under the statute, to be paid will be paid." Hawthorne v. VanKeuren & Son, 127 N.J.L. 501, 504 (Sup. Ct. 1941).
*313 Whether the remand should be with or without direction for a new hearing is made to depend upon what justice requires in the particular case. Cf. Patton v. American Oil Co., 13 N.J. Misc. 825 (Sup. Ct. 1935); affirmed, 116 N.J.L. 332 (E. & A. 1936); Gagliano v. Botany Worsted Mills, 13 N.J. Super. 1 (App. Div. 1951). In this case fairness to both parties requires a new trial on all issues because, while the finders of fact accepted as true the employee's proofs and rejected those of the employer, nonetheless, the employer's evidence tended completely to negative the existence of any increase of disability in any amount. We are not constrained in this case to remand merely for determination of the extent of the amount of the increase related to the accident. Both parties in the circumstances should be free fully to relitigate the questions both whether there has been an increase in disability and the extent of any such increase which is properly attributable to the accident.
The employer's counsel contends, however, that we are powerless to remand where a case has been fully tried and both parties have had a full opportunity to adduce proofs favorable to them and there is no showing of fraud or newly discovered evidence. He insists that like the former Supreme Court we are obliged by the Certiorari Act, R.S. 2:81-8, to make findings of fact as well as of law (Stetser v. American Stores Co., 124 N.J.L. 228, 229 (E. & A. 1940); Rubeo v. Arthur McMullen Co., 117 N.J.L. 574, 577 (E. & A. 1937)), and that if in the state of this record the amount of disability for which the employer is liable cannot be determined by us, it is our duty to enter a judgment in the employer's favor. He argues that by force of that statute as interpreted in the decisions a remand is proper only where the record is incomplete because the right of a party to adduce proofs has been curtailed by an erroneous dismissal in the Division (Jayson v. The Pennsylvania Railroad Company, 101 N.J.L. 159 (E. & A. 1925)), or by improper exclusion of material proofs (Paluk v. United Color & Pigment Co., 134 N.J.L. 601 (Sup. Ct. 1946), or where the Division has failed to determine meritorious jurisdictional issues (Mutual Chemical Co. of America *314 v. Minniti, 121 N.J.L. 449 (Sup. Ct. 1938); Hawthorne v. VanKeuren & Son, 127 N.J.L. 501 (Sup. Ct. 1941)). He asserts, "I have failed to find a single case where a complete record was made by both parties, later reviewed, which did not terminate with a judgment in the reviewing court disposing of the merits of the controversy or a remand with instructions to lower court to enter a judgment consistent with findings of upper court."
Nothing in the Compensation or Certiorari Acts curtailed, if, indeed, constitutionally they could have curtailed, the powers of remand of the former Supreme Court, and, even more clearly, they have no such effect upon the powers of this court. The determinant in the former Supreme Court, as now in this court, whether to make a final disposition of the controversy, or to remand for further proceedings, either with or without a new hearing, was, in the workmen's compensation cases, as in other classes of actions, what the interests of justice in the given case required, and the exercise of the power by the former Supreme Court and by this court was not and is not limited to the situations enumerated by counsel. Patton v. American Oil Co., supra; Ruoff v. Blasi, 117 N.J.L. 47 (Sup. Ct. 1936); Rojeski v. Pennington Dairy Farms, Inc., 118 N.J.L. 335 (Sup. Ct. 1937); Calicchio v. Jersey City Stock Yards Co., 125 N.J.L. 112 (Sup. Ct. 1940). Any suggestion in the cases that there may perhaps be a limitation upon the remand power in workmen's compensation cases is upon the exercise of that power by the former Court of Common Pleas. Huber v. New England Tree Expert Co., 137 N.J.L. 549 (Sup. Ct. 1948); affirmed, 2 N.J. 53 (1949); but cf. Grant v. Grant Casket Co., 137 N.J.L. 463 (Sup. Ct. 1948); affirmed, 2 N.J. 15 (1949). That court, however, unlike the former Supreme Court and this court, was not a court of general appellate jurisdiction. It is familiar appellate practice in the general appellate courts to remand causes for further proceedings and further evidence where justice demands that course. Lehigh Valley Railroad Company v. McFarland, 44 N.J.L. 674 (E. & A. 1882); Arenson v. Skouras Theatres Corp., 131 N.J.L. 303 (E. & A. 1944); *315 Ford Motor Company v. National Labor Relations Board, 305 U.S. 364, 373, 83 L.Ed. 221, 229 (1939). The governing principle was laid down by Chief Justice Depue in the McFarland case:
"* * * The court is not restricted to a general affirmance or reversal, and may, on a reversal of the judgment below, give a new judgment in favor of the plaintiff in error, or award a venire de novo, as the justice of the case may require. If the whole merits of the case are fully and finally determined by the decision of the court above, the court will finally decide the controversy by giving such a judgment in favor of the plaintiff in error, as should have been given in the court below. On the other hand, if the judgment is not reversed upon the whole merits of the case, but upon some collateral or incidental question not involving the substantial grounds of the litigation or covering the whole case, the court, in reversing the judgment below, will simply direct a venire de novo, in order that the case may be put on a retrial upon the merits."
Further, the requirement under R.S. 2:81-8 that the former Supreme Court make independent findings of fact as well as of law has lost its force as applied to this court under the reorganized judicial system. That requirement has been superseded by Rule 3:81-13 (cf. Rules 1:2-20 and 4:2-6), Winberry v. Salisbury, 5 N.J. 240 (1950). We are empowered under the mentioned rules to review the facts and make independent findings thereon, but this power is permissive and a litigant may not as a matter of right require our exercise of it. Donofrio v. Haag Brothers, Inc., 10 N.J. Super. 258, 262 (App. Div. 1950); and see discussion by Mr. Justice Heher in his concurring opinion in Temple v. Storch Trucking Co., 3 N.J. 42, 48 (1949).
Let the mandate stand. No costs to either party.